e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/7/2022 6:16 PM
Reviewer: LS

Case 4:22-cv-00124-RSB-CLR   Document 1-1   Filed 05/11/22   Page 1 of 40

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

SKYE MUSSON,                                )
                                            )
    Plaintiff,                          )
                                            )        CIVIL ACTION NO.:
vs.                                         )
                                            )        SPCV22-00425-AB
SHALENA COOK JONES, in her individual       )
and official capacities; CHATHAM            )
COUNTY, GEORGIA; and the                    )        **JURY TRIAL DEMANDED**
PROSECUTING ATTORNEYS' COUNCIL              )
OF GEORGIA,                                 )
                                            )
    Defendants.                         )

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Skye Musson ("Plaintiff" or "Ms. Musson") and files this Complaint for Damages and Injunctive Relief showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a citizen of the State of Georgia and hereby submits herself to the jurisdiction of this Court.

2.    Defendant Shalena Cook Jones ("Jones") is and, at all relevant times, was the District Attorney of Chatham County, Georgia. She is sued in both her individual and official capacities. Defendant Jones may be served with summons and Complaint at 133 Montgomery Street, Suite 600, Savannah, Georgia 31401.

3.    Defendant Chatham County, Georgia is subject to this Court's jurisdiction. The county may be served by delivering a copy of the Complaint and summons to Chester A. Ellis, Chairman of the Chatham County Board of Commissioners, at 124 Bull Street, Savannah, Georgia 31401.



1

4.     Defendant Prosecuting Attorney's Council of Georgia ("PAC") is a state governmental agency and is subject to civil rights actions of this kind. PAC lies within Clayton County and is subject to this Court's jurisdiction, with its principal place of business located at 1590 Adamson Parkway, Fourth Floor, Morrow, Georgia 30260. Defendant PAC may be served by delivering a copy of the Complaint and summons to Peter J. Skandalakis, its Executive Director.

5.     This Court has subject matter jurisdiction over this action pursuant to O.C.G.A. §§15-6-8 and 45-1-4 (Georgia Whistleblower Protection Act, "GWA").

6.     Venue is proper in the Superior Court of Chatham County, pursuant to O.C.G.A. §§9-10-30 and 9-10-31.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     Ms. Musson has satisfied all administrative prerequisites to perfect her claims of discrimination and retaliation under Title VII and the ADA. Specifically, she has timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received her Notice of Right to Sue for each of her claims under Title VII of the Civil Rights Act of 1964 and the ADA.

## FACTS

8.     Ms. Musson is a former Officer Trainee in the United States Coast Guard.  During her military service, Ms. Musson suffered a catastrophic training injury that crushed the right side of her body, required her to have three reconstructive surgeries, and forced her to medically retire. As a result of her military service, Ms. Musson suffers from and has been diagnosed with Post-Traumatic Stress Disorder ("PTSD").

2

9. Following her honorable medical retirement from the Coast Guard, Ms. Musson attended law school and became a prosecuting attorney in the Office of the District Attorney of Chatham County Georgia, prosecuting felony cases in the Eastern Judicial Circuit.

10. During law school, Ms. Musson worked as a legal intern at the Chatham County District Attorney's office ("D.A.'s Office"), assisting in prosecutions pursuant to The Law School Public Prosecutor Act of 1970, O.C.G.A. §15-18-22.

11. Ms. Musson attained her juris doctor degree from Florida State University Law School in May 2019, passed the Georgia Bar Exam on her first attempt, and became a member of the State Bar of Georgia on October 31, 2019.

12. After graduating from law school and while awaiting the results of her Bar exam, Ms. Musson continued to work as a legal intern at the D.A.'s Office. Upon her admission to the State Bar of Georgia, Ms. Musson became employed as an Assistant District Attorney in the D.A.'s Office.

13. As an Assistant District Attorney, Ms. Musson was a joint employee of Defendants Chatham County, PAC, and/or the then-sitting District Attorney of Chatham County, including at all material times Defendant Jones.

14. As an Assistant District Attorney, Ms. Musson's salary was paid, in part, by PAC and, in-part, by Chatham County. While Chatham County and/or Defendant Jones assigned Ms. Musson's day-to-day case load, PAC provided her with training on how to carry out her duties as a prosecutor and paid her compensation.

15. During the summer of 2020, Ms. Musson was tasked with assisting in a complex prosecution of eighteen co-defendants in a high-profile gang and drugs case. During and after Ms. Musson's involvement in this case, the "Guns and Gangs" prosecutor, Timothy Ruffini, began

3

grooming Ms. Musson to take over this role following his anticipated transition to a new role within the office.

16.     In November 2020, Defendant Jones was elected to become the next District Attorney of Chatham County. She formally assumed office as District Attorney on or about January 1, 2021.

17.     Shortly after Defendant Jones became District Attorney, Mr. Ruffini was transitioned to another role within the office, leaving the "Guns and Gangs" unit prosecutor position vacant.

18.     In January 2021, Ms. Musson expressed interest in taking over the Guns and Gangs unit. The specialized Guns and Gangs position involved more prestige and responsibilities than her then-existing assignment because of the high stakes and complex nature of the cases.

19.     Defendants selected a significantly less qualified male, Christian Stolfe, for the Guns and Gangs position, rather than Ms. Musson.

20.     Mr. Stolfe attained his juris doctor degree from Savannah Law School in May 2018. Upon information and belief, he failed to pass multiple bar examinations in both Georgia and South Carolina for more than a year after graduating from law school. Eventually, Mr. Stolfe passed the Georgia bar examination and was admitted to practice on May 24, 2019. In addition, unlike Ms. Musson, Mr. Stolfe did not have experience handling either complex felony cases or gang cases.

21.     On or about January 23, 2021, after learning that Mr. Stolfe had been selected for the "Guns and Gangs" position over her, Ms. Musson asked her immediate supervisor, Jenny Parker, what qualifications she lacked that Mr. Stolfe possessed. Ms. Musson told Ms. Parker that she believed Defendants were perpetuating a "bro culture" within the office, meaning that men obtained preferential treatment in training and upward opportunities at the office. Ms. Musson also

complained that she and her trial partner, a gay male, did not benefit from the office's "bro culture" because they did not conform to the preferred gender and gender stereotypes of the office.

22.    Ms. Parker agreed that Ms. Musson's concerns about the office's bro culture were shared by other women in the office. Nevertheless, Ms. Parker told Ms. Musson that she and Mr. Stolfe had "the same resume," but they "were going a different way."

23.    On January 27, 2021, Ms. Musson gave Parker a letter, her resume, and a writing packet, to attempt to plead her point that she was more qualified for the "Guns and Gangs" position than was Mr. Stolfe. Ms. Musson submitted the packet to Defendant Jones, asking that she reconsider Ms. Musson for the position.

24.    On January 30, 2021, Ms. Musson met with Defendant Jones in Jones' office, so she could make her case to lead the "Guns and Gangs" unit.

25.    During the January 30, 2021 meeting, Defendant Jones told Ms. Musson that they needed someone "who could handle [male] officers, their demeanor and behavior," to fill the position.

26.    Ms. Musson reminded Ms. Jones that she was formerly in the military, so working with men in a paramilitary environment was nothing new to her.

27.    Ms. Jones then told Ms. Musson that the person selected for the position would need to be on call, which would take her away from family. Ms. Jones also claimed that the "Guns and Gangs" position was a long-term position that would require someone who would not take extended leaves.

28.    The statements made by Defendant Jones during the January 30, 2021 meeting, explaining why Ms. Musson was not selected for the position, were laden with the gender-

stereotypical implication that because she was a woman, Ms. Musson would place family and maternity leave above her job.

29.     During the January 30, 2021 meeting, after explaining her qualifications for the "Guns and Gangs" position, Ms. Musson again objected to the office's ongoing practice of perpetuating a "bro culture," (i.e. unlawful sex discrimination in violation of Title VII), where men receive training opportunities and special, more prestigious assignments without any objective hiring or selection process, because of their gender, while women and non-gender-conforming men do not receive such opportunities because of negative stereotypes about their gender. Ms. Musson specifically complained to Defendant Jones that she felt she was a victim of the sexist, "bro group" practice.

30.     After Ms. Musson complained about this sexist practice, Defendant Jones maintained that Ms. Musson was not under consideration for the "Guns and Gangs" position, without providing any rationale for that decision, other than her gender-based assumptions discussed above.

31.     After he took over the Guns and Gangs position, Mr. Stolfe had to seek out and obtain Ms. Musson's assistance with his cases, and Ms. Musson had to take over at least one of his cases altogether.

32.     On Thursday, April 8, 2021, Defendant Jones and another executive-team member, Chief Assistant District Attorney Michael L. Edwards, called Ms. Musson into Jones' office to discuss one of Ms. Musson's cases.

33.     At the time, Defendant Jones and Mr. Edwards were aware that Ms. Musson had been diagnosed with PTSD because Ms. Musson discussed it with them on a prior occasion.

6

34. The victim in the case discussed by the parties on April 8, 2021, was a personal friend of Defendant Jones and someone who had worked on her election campaign.

35. He had come to the DA's office and ranted because he was not pleased with exculpatory evidence in the case.

36. During the April 8, 2021 meeting, Defendant Jones chastised Ms. Musson for not proceeding with prosecution notwithstanding the exculpatory evidence and suggested that the problem with the case was Ms. Musson, rather than the evidence, which was false.

37. Ms. Musson stated to Defendant Jones that she believed that it would be unethical for DA Jones to allow her personal relationship with the victim to dictate the appropriate course of action in the case.

38. Ms. Musson also pointed out that the victim's medical bills were flagged for possible fraud because of discrepancies.

39. Based on the hostility of the conversation, Ms. Musson expressed that the office felt like a "boys club," where men received better treatment than women, leading to disparate training and opportunities for women attorneys.

40. After Ms. Musson made statements that DA Jones' personal bias in favor of the victim was clouding her prosecutorial judgment, and also that the DA's office had a culture of sex discrimination, Defendant Jones informed Ms. Musson that she was facing possible disciplinary action, including termination.

41. Based on the hostility in this conversation, Ms. Musson then expressed to Defendant Jones that she felt ambushed and like she was going to be fired, even though she handled this case like she would handle any other case.

42.    Several other staff members and attorneys in the office observed Ms. Musson being called into Jones' office and later observed her leaving Jones' office after the meeting upset.

43.    The next day, Friday, April 9, 2021, Mr. Edwards entered Ms. Musson's office, closed the door, and sat in a chair in a manner that obstructed the exit.

44.    Edwards told Ms. Musson in an intimidating manner, "We need to talk." Edwards said that other attorneys and staff were aware of Jones and Edwards questioning Ms. Musson's work and were upset, and he said that he needed Ms. Musson to help him "diffuse the situation and control the narrative."

45.    Ms. Musson was perplexed and intimidated by Mr. Edwards' behavior on April 9, 2021 and felt threatened by Mr. Edward's admonishment of her on the heels of her complaint of gender discrimination.

46.    The pressure exerted on Ms. Musson by Defendant Jones and Mr. Edwards during the April 8 and 9, 2021 meetings was so intolerable that Ms. Musson felt forced to resign.

47.    On Monday, April 12, 2021, Ms. Musson submitted a notice of her resignation, effective on April 30, 2021.

48.    Soon thereafter, on April 12, 2021, Defendant Jones and Mr. Edwards summoned Ms. Musson to Jones' office for another closed-door meeting.

49.    During this meeting, Jones and Edwards interrogated Ms. Musson about why she was resigning. Ms. Musson referenced the April 8 and 9 meetings, and further explained that she felt harassed by Mr. Edwards and the manner in which he came into her office and cornered her with the door closed.

8

50.     Defendant Jones and Mr. Edwards then began making circular arguments to Ms. Musson about the circumstances of her separation that were dissonant with Ms. Musson's experience and understanding of what occurred.

51.     According to Ms. Musson, these dissonant explanations triggered her PTSD because of her experience in the military where military authorities provided her dissonant information about the nature and extent of her injuries in a manner designed to minimize her experience.

52.     Ms. Musson told Defendant Jones and Mr. Edwards that they were giving her "trauma brain" by attempting to re-write the situation in an inaccurate manner and then pressuring Ms. Musson to retract or change her understanding of the facts.

53.     After Ms. Musson made this statement, Defendant Jones stated that Ms. Musson was "released from" her employment effective immediately, stating Ms. Musson that she was not someone they wanted in the office, that they did not think she was an asset, and that they did not want her around the cases and other attorneys.

54.     The termination of Ms. Musson's employment on April 12, 2021 was involuntary.

55.     Upon information and belief, following the April 12, 2021 meeting, Defendant Jones or a member of the District Attorney's Office staff contacted Defendants PAC and Chatham County, notified them of the termination of Plaintiff's employment, effective April 12, 2021.

56.     After the April 12, 2021 meeting, Defendant Jones sent out an office-wide email falsely claiming that Ms. Musson resigned effective immediately of her own volition.

57.     The next day, on April 13, 2021, Ms. Jones convened an office-wide Zoom call, excluding Ms. Musson. During the Zoom call, Defendant Jones made slanderous, false statements that Ms. Musson was incompetent and was insubordinate to her colleagues.

9

58.     After the April 13, 2021 Zoom call, Defendant Jones also attempted to slander Ms. Musson to Chatham County Superior Court Judge Louisa Abbot.

59.     In addition, soon after Defendants' termination of her employment, when Ms. Musson attempted to enter the Chatham County courthouse, she was stopped and questioned about her mental health by one of the court security officers, Tony Caldwell.

60.     On April 16, 2021, Chatham County issued a Separation Notice stating that its employment of Ms. Musson ended on April 12, 2021.

61.     On May 12, 2021, PAC issued a Separation Notice stating that its employment of Ms. Musson ended on April 12, 2021.

62.     On June 23, 2021, Ms. Musson filed a Charge of Discrimination with the EEOC, against the Chatham County District Attorney's Office and Chatham County, concerning the failure to promote her to the "Guns and Gangs" position and the termination of her employment. Ms. Musson also filed a similar Charge of Discrimination with the EEOC against PAC.

63.     After filing her EEOC charges, Ms. Musson applied to Defendant Chatham County to provide indigent criminal defense services as Conflicts Counsel.

64.     There is a shortage of such counsel in Chatham County, and Ms. Musson is one of the few attorneys qualified and willing to take this position.

65.     After submitting her application to serve as Conflicts Counsel, Ms. Musson was initially deemed qualified, and her name was added to a list of candidates for final approval at a County Commission meeting on or about March 1, 2022.

66.     Following the March 1, 2022 County Commission meeting, however, the manager of indigent criminal defense services for Chatham County, Kenneth Cail, called Ms. Musson and

told her that her name was removed from the list because she "filed an EEOC Charge and the County deemed that a 'conflict of interest.'"

## COUNT ONE
### Sex Discrimination – Title VII of the Civil Rights Act of 1964
### *Against Defendants PAC, Chatham County, and Defendant Jones in her official capacity*

67.     Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

68.     At all times material to this Complaint, Defendants PAC, Chatham County, and James were each an "employer," and Plaintiff was these Defendants' "employee," as those terms are used under Title VII.

69.     Defendants violated Plaintiff's rights under Title VII by failing to promote Plaintiff to the "Guns and Gangs" position because of her sex.

70.     Defendants violated Plaintiff's rights under Title VII by terminating her employment because of her sex.

71.     Plaintiff's sex was a "motivating factor" in Defendants' decision not to promote Plaintiff and to terminate Plaintiff, even if there were legitimate, non-discriminatory reasons that also motivated these actions.

72.     Defendants' above-pled discriminatory conduct toward Plaintiff constitutes sex discrimination in violation of Title VII.

73.     Defendants Jones and Chatham County acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

74.     As a result of Defendants' unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

11

75.     Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT TWO
### Discrimination in Violation of the Americans with Disabilities Act, as Amended, 42 U.S.C. §12112
*Against Defendants PAC, Chatham County, and Defendant Jones in her official capacity*

76.     Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

77.     Following her military service and continuing through the date of her termination by Defendants, Plaintiff was at all times a "qualified person with a disability," within the meaning of the ADA, as amended.

78.     The PTSD from which plaintiff suffers as a result of her military service substantially limited one or more of her major life activities, including but not limited to her emotional processing of adverse personal events.

79.     In their meetings on April 8, 9, and 12, Defendant Jones and Mr. Edwards engaged in conduct which triggered and aggravated Plaintiff's PTSD symptoms, including but not limited to mischaracterizing their recent discussions about her employment and professionalism with dissonant information in a manner designed to confuse Ms. Musson and pressure her to change the narrative of what occurred.

80.     Further, during their meeting on April 12, 2021, when Plaintiff complained that Defendant Jones and Mr. Edwards, who knew that she had PTSD, were giving her "trauma brain," Defendant Jones responded by immediately and involuntarily terminating Plaintiff's employment.

81.     Defendants terminated Plaintiff's employment because of her disabilities, in violation of the Americans with Disabilities Act, as amended.

12

82.     Plaintiff's disabilities were a "motivating factor" in Defendants' decision to terminate her employment, even if there were legitimate non-discriminatory reasons that also motivated these actions.

83.     The actions of Defendants Jones and Chatham County in subjecting Plaintiff to the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

84.     As a direct and proximate result of Defendants' violations of the ADA, as amended, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

85.     As a result of the above-pled violations of the ADA, as amended, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, and punitive damages, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by the ADA, as amended, and all statutes providing for relief for violations of the ADA.

**COUNT THREE**
**Title VII Retaliation – Retaliatory Termination for Opposing Sex Discrimination**
*Against Defendants PAC, Chatham County, and Defendant Jones in her official capacity*

86.     Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

87.     At all times material to this Complaint, Defendants PAC and Chatham County were each an "employer," and Plaintiff was an "employee" of these Defendants as those terms are used under Title VII.

88.     During her employment with Defendants, and afterward when she filed an EEOC charge complaining of sex discrimination, Plaintiff engaged in statutorily protected activity by,

among other things, complaining of sex discrimination in violation of Title VII, including but not limited to, in her complaints of discrimination to her immediate supervisor, Ms. Parker and Defendant Jones, as well as her charge of discrimination filed with the U.S. EEOC.

89.     Defendants subjected Plaintiff to retaliation because she opposed, objected to, and complained against illegal sex discrimination. Defendants retaliated against Plaintiff by subjecting Plaintiff to termination on the basis of her exercise of federally protected rights as compared with employees who did not engage in similar statutorily protected activity.

90.     Defendants lack any legitimate justification for subjecting Plaintiff to the adverse employment actions complained of above, and/or any such purported legitimate justifications are a mere pretext for retaliation.

91.     The above-pled actions of Defendants constitute retaliation in violation of Title VII of the Civil Rights Act of 1964.

92.     The actions of Defendants in subjecting Plaintiff to the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

93.     As a direct and proximate result of Defendants' violations of the Title VII, as amended, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

94.     As a result of the above-pled violations of Title VII, as amended, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, and punitive damages, as well as front pay and other equitable relief, and all

other legal and equitable relief provided for by Title VII, as amended, and all statutes providing for relief for violations of Title VII.

## COUNT FOUR
### ADA Retaliation – Retaliatory Termination for Opposing Disability Discrimination
### *Against Defendants PAC, Chatham County, and Defendant Jones in her official capacity*

95.     Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

96.     At all times material to this Complaint, Defendants PAC and Chatham County were each an "employer," and Plaintiff was an "employee" of these Defendants as those terms are used under Title VII.

97.     During her employment with Defendants, and afterward when she filed an EEOC charge complaining of sex discrimination, Plaintiff engaged in statutorily protected activity by, among other things, complaining of disability discrimination in violation of the ADA, including but not limited to, in her complaint during the April 12, 2021 conversation with Defendant Jones and Michael Edwards that their dissonant and intimidating treatment was giving her "trauma brain." In the same conversation, Defendant Jones told her that her employment was terminated immediately.

98.     Defendants subjected Plaintiff to retaliation because she opposed, objected to, and complained against illegal disability discrimination. Defendants retaliated against Plaintiff by subjecting Plaintiff to termination on the basis of her exercise of federally protected rights as compared with employees who did not engage in similar statutorily protected activity.

99.     Defendants lack any legitimate justification for subjecting Plaintiff to the adverse employment actions complained of above, and/or any such purported legitimate justifications are a mere pretext for retaliation.

15

100.    The above-pled actions of Defendants constitute retaliation in violation of the ADA.

101.    The actions of Defendants in subjecting Plaintiff to the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

102.    As a direct and proximate result of Defendants' violations of the ADA, as amended, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

103.    As a result of the above-pled violations of the ADA, as amended, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, and punitive damages, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by the ADA, as amended, and all statutes providing for relief for violations of the ADA.

## COUNT FIVE
### Title VII Retaliatory Refusal to Hire
### *Against Defendant Chatham County*

104.    Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

105.    At all times material to this Complaint, Defendant Chatham County was an "employer" as that term is used under Title VII.

106.    Plaintiff applied for and was qualified for a position for which Defendant was accepting applications, namely a position providing indigent criminal defense services as Conflicts Counsel for Chatham County.

16

107.	Following the involuntary termination of her employment by Defendants, Plaintiff engaged in statutorily protected activity by filing Charges of Discrimination with the EEOC on June 23, 2021, complaining of sex discrimination and retaliation in violation of Title VII, including Defendants' failure to promote her to the "Guns and Gangs" position and Defendants' termination of her employment.

108.	Despite Plaintiff's qualifications, she was not hired for the Conflicts Counsel position because she had filed the Charges of Discrimination with the EEOC.

109.	Defendant Chatham County subjected Plaintiff to retaliation because she opposed, objected to, and complained against illegal sex discrimination and retaliation. Defendant Chatham County retaliated against Plaintiff by refusing to approve her as Conflicts Counsel on the basis of her exercise of federally protected rights by filing an EEOC Charge.

110.	Defendant Chatham County lacks any legitimate justification for subjecting Plaintiff to the adverse employment action complained of above, and/or any such purported legitimate justifications are a mere pretext for retaliation.

111.	The above-pled actions of Defendant Chatham County constitute retaliation in violation of Title VII of the Civil Rights Act of 1964.

112.	The actions of Defendant Chatham County in subjecting Plaintiff to the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

113.	As a direct and proximate result of Defendant Chatham County's violations of the Title VII, as amended, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

114.    As a result of the above-pled violations of Title VII, as amended, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, and punitive damages, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by Title VII, as amended, and all statutes providing for relief for violations of Title VII.

**COUNT SIX**
**ADA Retaliatory Refusal to Hire**
***Against Defendant Chatham County***

115.    Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

116.    At all times material to this Complaint, Defendant Chatham County was an "employer" as that term is used under the ADA.

117.    Plaintiff applied for and was qualified for a position for which Defendant was accepting applications, namely a position providing indigent criminal defense services as Conflicts Counsel.

118.    Following the involuntary termination of her employment by Defendants, Plaintiff engaged in statutorily protected activity by filing Charges of Discrimination with the EEOC, complaining of disability discrimination in violation of the ADA, and retaliation, including Defendants' failure to promote her to the "Guns and Gangs" position, and Defendants' termination of her employment.

119.    Despite Plaintiff's qualifications, she was not hired for the Conflicts Counsel position because she had filed the Charges of Discrimination with the EEOC.

120.    Defendant Chatham County subjected Plaintiff to retaliation because she opposed, objected to, and complained against illegal disability discrimination and retaliation. Defendant

18

Chatham County retaliated against Plaintiff by refusing to approve her as Conflicts Counsel on the basis of her exercise of federally protected rights by filing an EEOC Charge.

121.    Defendant Chatham County lacks any legitimate justification for subjecting Plaintiff to the adverse employment action complained of above, and/or any such purported legitimate justifications are a mere pretext for retaliation.

122.    The above-pled actions of Defendant Chatham County constitute retaliation in violation of the ADA, as amended.

123.    The actions of Defendant Chatham County in subjecting Plaintiff to the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

124.    As a direct and proximate result of Defendant Chatham County's violations of the ADA, as amended, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

125.    As a result of the above-pled violations of the ADA, as amended, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, and punitive damages, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by ADA, as amended, and all statutes providing for relief for violations of ADA.

### COUNT SEVEN
**Violation of the Equal Protection Clause of the Fourteenth Amendment, Pursuant to 42 U.S.C §1983 – Discrimination on the Basis of Sex**
*Against all entity Defendants and Defendant Jones in her individual capacity*

126.    Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

19

127. At all times material to this Complaint, Defendants PAC, Chatham County, and Jones were each an "employer," and Plaintiff was these Defendants' "employee."

128. Defendants engaged in unconstitutionally disparate treatment of Plaintiff by failing to promote Plaintiff to the "Guns and Gangs" position on the basis of her sex.

129. Defendants violated Plaintiff's Equal Protection rights by terminating her employment because of her sex.

130. Plaintiff's sex was a "motivating factor" in Defendants' decision not to promote Plaintiff and to terminate Plaintiff, even if there were legitimate, non-discriminatory reasons that also motivated these actions.

131. Defendants' above-pled discriminatory conduct toward Plaintiff constitutes sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

132. Defendants, acting under color of state law, violated Ms. Musson's constitutional right to be free from sex discrimination in employment by failing to promote Plaintiff to the "Guns and Gangs" position and by terminating her employment because of sex.

133. Defendants Jones and Chatham County acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

134. Defendant Jones undertook her conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook her conduct recklessly with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover compensatory and punitive damages against Defendant Jones in her individual capacity.

135.   As a result of Defendants' unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

136.   Plaintiff is entitled to an award of back pay and benefits, compensatory damages, punitive damages, attorney's fees, and all other appropriate damages, remedies, and other relief under 42 U.S.C. §§1983 and 1988 and all federal statutes providing remedies for violations of Title VII.

## COUNT EIGHT
**Violation of the Georgia Whistleblower Protection Act, O.C.G.A. § 45-1-4**
*Against All Entity Defendants*

137.   Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

138.   Plaintiff is and was, at all relevant times, a public employee as that term is defined by O.C.G.A. §45-1-4(a)(3).

139.   Defendant Chatham County is a public employer as that term is defined by O.C.G.A. §45-1-4(a)(4).

140.   Defendant Jones, in her official capacity, is a public employer as that term is defined by O.C.G.A. §45-1-4(a)(4).

141.   Defendant PAC is a public employer as that term is defined by O.C.G.A. §45-1-4(a)(4).

142.   In conversations with Ms. Parker, Defendant Jones and Mr. Edwards, between January and April 2021, Plaintiff repeatedly complained that Defendants were violating laws, rules, or regulations by perpetuating a culture of unlawful sex discrimination in employment within the Chatham County District Attorney's Office, which violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

21

143. Plaintiff also complained to DA Jones on April 8, 2021, that DA Jones was allowing her personal bias in favor of a victim to cloud her prosecutorial judgment in a criminal case where there were evidentiary problems with prosecuting the defendant and continuing to press forward with the prosecution would waste taxpayer funds.

144. Plaintiff's complaints to Ms. Parker, Defendant Jones and Mr. Edwards regarding Defendants' violations of laws, rules, or regulations constituted protected disclosures under the Georgia Whistleblower Protection Act, O.C.G.A. §45-1-4.

145. Defendants retaliated against Plaintiff for disclosing violations of law, rules or regulations by terminating her employment.

146. As a result of Defendants' actions, Plaintiff suffered substantial harm, including economic harm, emotional distress, and other indignities, and is therefore entitled to actual and compensatory damages, attorneys fees, and all other monetary relief permitted by law.

## COUNT NINE
### Punitive Damages Under 42 U.S.C. §1983
*Against Defendant Jones in her Individual Capacity*

147. Plaintiff incorporates paragraphs 1 through 66 as if fully restated herein.

148. The aforementioned actions of Defendant Jones were taken in her individual capacity under color of state or local law.

149. In taking these actions, Defendant Jones did so in clear violation of statutory and Constitutional law.

150. Defendant Jones acted in reckless disregard for Plaintiff's Constitutional rights.

151. Because of Defendant Jones' conduct, Plaintiff is entitled to punitive damages against her in her individual capacity.

22

152.   Defendant Jones' discriminatory actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to the consequences. Accordingly, Plaintiff is entitled to punitive damages against her in her individual capacity.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Musson demands a TRIAL BY JURY and the following relief:

(a) declare that Defendants have violated Plaintiff's rights under the federal statutes listed above;

(b) permanently enjoin Defendants from violating, in the future, Plaintiff's rights under any of the statutes listed above;

(c) award Plaintiff full back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(d) award Plaintiff liquidated damages;

(e) award Plaintiff prejudgment interest as required by law;

(f) award Plaintiff compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(g) award Plaintiff front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(h) award Plaintiff punitive damages against Defendant Jones, in her individual capacity, sufficient to punish her for her unlawful conduct and deter her from repeating such conduct in the future, as determined by the enlightened conscience of a jury;

(i) award Plaintiff reasonable attorneys' fees and expenses, pursuant to Title VII, the ADA, and 42 U.S.C. §1988; and

(j) grant such additional relief as may be just.

Respectfully submitted this 7th day of April 2022.

**BUCKLEY BEAL, LLP**

*/s/ Anita K. Balasubramanian*
Anita K. Balasubmaranian
Georgia Bar No. 372029
abala@buckleybeal.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@buckleybeal.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/7/2022 6:16 PM
Reviewer: LS

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

## STATE OF GEORGIA

Skye Musson,

CIVIL ACTION
NUMBER _____ SPCV22-00425-AB

_____

_____

PLAINTIFF

VS.

Shalena Cook Jones, in her individual and official capacities;

Chatham County, Georgia; and the

Prosecuting Attorneys' Council of Georgia,

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Shalena Cook Jones
133 Montgomery Street, Suite 600, Savannah, Georgia 31401

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is: Anita K. Balasubramanian and J. Kyle Brooks
Buckley Beal, LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This _____7th_____ day of _____April_____, _____2022_____.

TAMMIE MOSLEY
Clerk of Superior Court
CHATHAM COUNTY

By _____
Deputy Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

## View Document - SPCV22-00425-AB - Summons to Prosecuting Attorneys Council of GApdf

Pages: 1

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/7/2022 6:16 PM
Reviewer: LS

SPCV22-00425-AB

### IN THE SUPERIOR COURT OF CHATHAM COUNTY

### STATE OF GEORGIA

Skye Musson,

CIVIL ACTION SPCV22-00425-AB
NUMBER _____

_____

_____

PLAINTIFF

VS.

Shalena Cook Jones, in her individual and official capacities;

Chatham County, Georgia; and the

Prosecuting Attorneys' Council of Georgia,

DEFENDANT

### SUMMONS

Prosecuting Attorneys' Council of Georgia
TO THE ABOVE NAMED DEFENDANT: c/o Peter J. Skandalakis, Executive Director
1590 Adamson Parkway, 4th Floor, Morrow, Georgia 30260

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's
attorney whose name and address is:   Anita K. Balasubramanian and J. Kyle Brooks
Buckley Beal, LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief de-
manded in the complaint.

This____7th_____ day of ____April_____, 2022

TAMMIE MOSLEY
Clerk of Superior Court
CHATHAM COUNTY
By_____
-Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/8/2022 12:58 PM
Reviewer: LS

**IN THE SUPERIOR COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

SKYE MUSSON,                                    )
                                                )
            Plaintiff,                          )
                                                )        CIVIL ACTION NO.:
vs.                                             )
                                                )        SPCV22-00425-AB
SHALENA COOK JONES, in her individual           )
and official capacities; CHATHAM                )
COUNTY, GEORGIA; and the                        )
PROSECUTING ATTORNEYS' COUNCIL                  )
OF GEORGIA,                                     )
                                                )
            Defendants.                         )

## MOTION TO APPOINT PERMANENT PROCESS SERVER

I, Anita K. Balasubramanian, respectfully move this Court, pursuant to O.C.G.A. § 9-11-4(c), to appoint Wiley Dean Handley as a process server to serve process for the Superior Court of Chatham County for the purpose of serving the Complaint and Summons in the above-referenced civil action. Mr. Handley is over eighteen years of age, is a citizen of the United States.

Respectfully submitted this 8th day of April 2022.

                                        **BUCKLEY BEAL, LLP**

                                        */s/ Anita K. Balasubramanian*
                                        Anita K. Balasubmaranian
                                        Georgia Bar No. 372029
                                        abala@buckleybeal.com
                                        J. Kyle Brooks
                                        Georgia Bar No. 773561
                                        kbrooks@buckleybeal.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/8/2022 12:58 PM
Reviewer: LS

**IN THE SUPERIOR COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| SKYE MUSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | SPCV22-00425-AB |
| SHALENA COOK JONES, in her individual | ) | |
| and official capacities; CHATHAM | ) | |
| COUNTY, GEORGIA; and the | ) | |
| PROSECUTING ATTORNEYS' COUNCIL | ) | |
| OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF WILEY DEAN HANDLEY**

**Wiley Dean Handley**, being first duly sworn before an officer authorized to administer oaths, deposes and states as follows:

1.

I am over the age of eighteen years of age, and I am suffering from no known disabilities that would prevent me from providing the testimony this Affidavit.

2.

I am an individual citizen of the United States of America.

3.

I am not a party to this lawsuit.

4.

I am not a relative of the parties to this lawsuit.

5.

I am not an attorney of any of the parties to this lawsuit.

6.

I have no financial interest in the outcome of this lawsuit.

7.

I am wholly disinterested in this lawsuit.

8.

I am not a convicted felon.

Further, Affiant sayeth not.

**Wiley Dean Handley**

Sworn to and subscribed before me

This 8th day of April , 2022 .

Notary Public,
My commission expires: March 10, 2024

**IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| SKYE MUSSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| vs. | ) |
| | ) SPCV22-00425-AB |
| SHALENA COOK JONES, in her individual | ) |
| and official capacities; CHATHAM | ) |
| COUNTY, GEORGIA; and the | ) |
| PROSECUTING ATTORNEYS' COUNCIL | ) |
| OF GEORGIA, | ) |
| | ) |
| Defendants. | ) |

## WAIVER OF SERVICE OF SUMMONS

To: Buckley Beal LLP on behalf of Plaintiff Skye Musson

Defendant Chatham County acknowledges receipt of your request that it waive service

of a summons in the action of Skye Musson v. Chatham County et al., which is case number

SPCV22-00425-AB in the Superior Court of Chatham County, Georgia.

Chatham County understands that it is entitled to consult with its own attorney regarding

the consequences of its signing this waiver. Defendant Chatham County has also received a copy

of the Complaint in the action, the Rule 3.2 Certification, two copies of this instrument, and a

means by which it can return the signed waiver to you without cost to Defendant Chatham

County.

Defendant Chatham County agrees to save the cost of service of a Summons and

additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial

process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Chatham County will retain all defenses or objections to the lawsuit or to the

1

jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant Chatham County understands that a judgment may be entered against it if an answer is not served upon Plaintiff within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States. Defendant Chatham County's Answer is due no later than June 10, 2022, which is 60 days after the date this request for waiver was sent to Defendant Chatham County's counsel.

Respectfully submitted this 21ˢᵗ day of April, 2022.

R. Jonathan Hart
County Attorney, Chatham County
Georgia Bar No. 333692
rjhart@chathamcounty.org
124 Bull Street, Suite 230
Savannah, Georgia 31401
Phone: (912) 652-7881
Fax: (912) 652-7887
*Counsel for Defendant Chatham County, Georgia*

Prepared by:

*/s/ Anita K. Balasubramanian*
Anita K. Balasubmaranian
Georgia Bar No. 372029
abala@buckleybeal.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@buckleybeal.com

**BUCKLEY BEAL, LLP**
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100

2

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 5/6/2022 6:52 PM
Reviewer: LS

**IN THE SUPERIOR COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SKYE MUSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | SPCV22-00425-AB |
| SHALENA COOK JONES, in her individual | ) | |
| and official capacities; CHATHAM | ) | |
| COUNTY, GEORGIA; and the | ) | |
| PROSECUTING ATTORNEYS' COUNCIL | ) | |
| OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## WAIVER OF SERVICE OF SUMMONS

To: Buckley Beal LLP on behalf of Plaintiff Skye Musson

Defendant Prosecuting Attorneys' Council of Georgia acknowledges receipt of your request that it waive service of a summons in the action of Skye Musson v. Chatham County et al., which is case number SPCV22-00425-AB in the Superior Court of Chatham County, Georgia.

Prosecuting Attorneys' Council of Georgia understands that it is entitled to consult with its own attorney regarding the consequences of its signing this waiver. Defendant Prosecuting Attorneys' Council of Georgia has also received a copy of the Complaint in the action, the Rule 3.2 Certification, two copies of this instrument, and a means by which it can return the signed waiver to you without cost to Defendant Prosecuting Attorneys' Council of Georgia.

Defendant Prosecuting Attorneys' Council of Georgia agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

1

Defendant Prosecuting Attorneys' Council of Georgia will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant Prosecuting Attorneys' Council of Georgia understands that a judgment may be entered against it if an answer is not served upon Plaintiff within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States. Defendant Prosecuting Attorneys' Council of Georgia's Answer is due no later than June 11, 2022, which is 60 days after the date this request for waiver was sent to Defendant Prosecuting Attorneys' Council of Georgia's counsel.

Respectfully submitted this _6th_ day of _May_, 2022.

G. Todd Carter
Special Assistant Attorney General
Georgia Bar No. 113601
tcarter@brbcsw.com

Brown, Readdick, Bumgartner,
Carter, Strickland & Watkins, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31520
Tel: (912) 264-8544
Fax: (912) 264-9667

Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
bwebb@law.ga.gov

Office of the Attorney General Chris Carr
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334

2

Tel: (404) 458-3542
Fax: (404) 657-9932

*Counsel for Defendant Prosecuting
Attorneys' Council of Georgia*

Prepared by:

*/s/ Anita K. Balasubramanian*
Anita K. Balasubmaranian
Georgia Bar No. 372029
abala@buckleybeal.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@buckleybeal.com

BUCKLEY BEAL LLP
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
*Counsel for Plaintiff Skye Musson*

3

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 5/10/2022 11:17 AM
Reviewer: LS

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SKYE MUSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | SPCV22-00425-AB |
| SHALENA COOK JONES, in her individual | ) | |
| and official capacities; CHATHAM | ) | |
| COUNTY, GEORGIA; and the | ) | |
| PROSECUTING ATTORNEYS' COUNCIL | ) | |
| OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## WAIVER OF SERVICE OF SUMMONS

To: Buckley Beal LLP on behalf of Plaintiff Skye Musson

Defendant Shalena Cook Jones acknowledges receipt of your request that she waive service of a summons in the action of Skye Musson v. Chatham County et al., which is case number SPCV22-00425-AB in the Superior Court of Chatham County, Georgia.

Defendant Shalena Cook Jones understands that she is entitled to consult with her own attorney regarding the consequences of her signing this waiver. Defendant Shalena Cook Jones has also received a copy of the Complaint in the action, the Rule 3.2 Certification, two copies of this instrument, and a means by which she can return the signed waiver to you without cost to Defendant Shalena Cook Jones.

Defendant Shalena Cook Jones agrees to save the cost of service of a Summons and additional copy of the Complaint in this lawsuit by not requiring that she be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Defendant Shalena Cook Jones will retain all defenses or objections to the lawsuit or to

1

the jurisdiction or venue of the Court, except for objections based on a defect in the Summons or in the service of the Summons.

Pursuant to O.C.G.A. § 9-11-4(d)(5), Defendant Shalena Cook Jones understands that a judgment may be entered against her if an answer is not served upon Plaintiff within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States. Defendant Shalena Cook Jones' Answer is due no later than June 28, 2022, which is 60 days after the date this request for waiver was sent to Defendant Shalena Cook Jones' counsel.

Respectfully submitted this __10th__ day of __May__, 2022.

/s/ Sean Keenan
Sean Keenan
Georgia Bar No. 523871
skeenan@cmlawfirm.com

Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, Georgia  30092
Tel: (404) 881.2622
Counsel for Defendant Shalena Cook Jones

Prepared by:

/s/ Anita K. Balasubramanian
Anita K. Balasubmaranian
Georgia Bar No. 372029
abala@buckleybeal.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@buckleybeal.com

BUCKLEY BEAL, LLP
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308

2

Telephone: (404) 781-1100
Facsimile: (404) 781-1101
*Counsel for Plaintiff Skye Musson*

Pages: 1

SPCV22-00425-AB

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/22/2022 10:22 AM
Reviewer: MS

**IN THE SUPERIOR COURT OF CHATHAM COUNTY**
**EASTERN JUDICIAL CIRCUIT**
**STATE OF GEORGIA**

| | |
|---|---|
| **SKYE MUSSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.:** |
| | ) **SPCV22-00425-AB** |
| **VS.** | ) |
| | ) |
| **SHALENA COOK JONES, IN HER** | ) |
| **INDIVIDUAL AND OFFICIAL CAPACITIES;** | ) |
| **CHATHAM COUNTY, GEORGIA; AND THE** | ) |
| **PROSECUTING ATTORNEYS' COUNCIL** | ) |
| **OF GEORGIA,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER OF APPOINTMENT**

Due to the voluntary recusal of the judges of the Eastern Judicial Circuit, the Court requires the temporary assistance of an additional judge;

**IT IS THEREFORE ORDERED** that the Honorable Kathy Stephens Palmer, Senior Judge of the Superior Court, State of Georgia, is hereby designated to preside in the above-styled case with the appointment commencing immediately and the duration of the appointment shall be until final disposition of the case, to exercise full judicial authority with respect to all matters properly before the Court.

**SO ORDRED**, this $\partial 0$ day of April, 2022.

Jeffrey H. Kight
**Administrative Judge, 1st JAD**
**State of Georgia**

Pages: 1

SPCV22-00425-AB

e-Filed In Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/13/2022 1:40 PM
Reviewer: AU

IN THE SUPERIOR COURT OF CHATHAM COUNTY
EASTERN JUDICIAL CIRCUIT
STATE OF GEORGIA

| | |
|---|---|
| Skye Musson, | ) |
| | ) |
| Plaintiff, | ) SPCV22-00425-AB |
| | ) |
| | ) |
| v. | ) |
| | ) |
| Shalena Cook Jones, in her individual and | ) |
| official capacities; Chatham County, | ) |
| Georgia; and the Prosecuting Attorneys' | ) |
| Council of Georgia, | ) |
| | ) |
| Defendants. | ) |

**ORDER OF RECUSAL**

The undersigned Judge having voluntarily recused herself and the other judges of this Court from presiding over this action,

Therefore, it is **ORDERED** that all judges sitting in the Superior Court of the Eastern Judicial Circuit are hereby **RECUSED** from this matter. It is requested that a judge from outside the Eastern Judicial Circuit be appointed to preside over this action.

SO ORDERED, this the _13th_ day of April, 2022.

_Louisa Abbot_
Louisa Abbot, Judge
Superior Court, E.J.C. of Georgia

cc:     Parties
        Richard Denney, District Court Administrator

Pages: 1

Download Document

SPCV22-00425-AB

## AFFIDAVIT OF SERVICE

| Case: SPCV22-00425-AB | Court: SUPERIOR COURT OF CHATHAM COUNTY | County: Chatham, GA | Job: 6936179 |
|---|---|---|---|
| Plaintiff / Petitioner: Skye Musson | | Defendant / Respondent: Shalena Cook Jones, in her individual and official capacities; PROSECUTING ATTORNEYS' COUNCIL OF GEORGIA, | |
| Received by: COASTAL INVESTIGATIONS, LLC | | For: BUCKLEY BEAL | |
| To be served upon: CHATHAM COUNTY DISTRICT ATTORNEY'S OFFICE - Shalena Cook Jones | | | |

I, Glenn Christian, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and Informed said person of the contents herein

**Recipient Name / Address:**   CHATHAM COUNTY DISTRICT ATTORNEY'S OFFICE - Nathanael E. Wright, Esq., CHATHAM COUNTY DISTRICT ATTORNEY'S OFFICE; 133 Montgomery St Suite 600 - 6th Floor, Savannah, GA 31401-3205

**Manner of Service:**   Substitute Service - Personal, Apr 11, 2022, 10:45 am EDT

**Documents:**   Complaint for Damages and Injunctive Relief (Received Apr 8, 2022 at 3:35pm EDT), Summons to Shalena Cook Jones (Received Apr 8, 2022 at 3:35pm EDT), Certification Under Rule 3.2 (Received Apr 8, 2022 at 3:35pm EDT)

#### Additional Comments:

1) Unsuccessful Attempt: Apr 8, 2022, 4:41 pm EDT at CHATHAM COUNTY DISTRICT ATTORNEY'S OFFICE: 133 Montgomery St Suite 600 - 6th Floor, Savannah, GA 31401-3205
Attempted Service No Contact, No one in the office to accept civil process.

2) Successful Attempt: Apr 11, 2022, 10:45 am EDT at CHATHAM COUNTY DISTRICT ATTORNEY'S OFFICE: 133 Montgomery St Suite 600 - 6th Floor, Savannah, GA 31401-3205 received by CHATHAM COUNTY DISTRICT ATTORNEY'S OFFICE - Nathanael E. Wright, Esq.. Age: 40's; Ethnicity: African American; Gender: Male; Weight: 270; Height: 5'10"; Hair: Black; Eyes: Brown;
Served Defendant

04/11/2022

Glenn Christian
GA LIC PDC002006

Date

COASTAL INVESTIGATIONS, LLC
139 Live Oak Circle / Civil Process Division
Pembroke, GA 31321-4733
912-653-6290

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date                 Commission Expires

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 4/12/2022 2:43 PM
Reviewer: AB