IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SKYE MUSSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 4:22-CV-124 |
| v. | ) |
| | ) |
| SHALENA COOK JONES, in her | ) |
| individual and official capacities; | ) |
| CHATHAM COUNTY, GEORGIA; | ) |
| and the PROSECUTING ATTORNEYS' | ) |
| COUNCIL OF GEORGIA, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF SKYE MUSSON'S MOTION FOR SANCTIONS STRIKING DEFENDANT SHALENA COOK JONES' ANSWER AND ENTERING A DEFAULT JUDGMENT

Plaintiff Skye Musson ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent authority to enforce its own orders[1], respectfully moves this Court to sanction Defendant Shalena Cook Jones ("Defendant Jones" or "Jones") for failing to appear at her court-ordered deposition on April 11, 2023, and for making false representations to this Court regarding her availability for this deposition. As sanctions, Plaintiff asks this Court to strike Defendant Jones' Answers to Plaintiff's Complaint and Amended Complaint [Docs. 11, 34], enter a default judgment against Jones on all claims, and award Plaintiff's counsel fees and costs associated with the deposition and this Motion. In support hereof, Ms. Musson shows the Court as follows:

---

[1] *See Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). In some cases, the Eleventh Circuit has cited to the court's inherent authority to enforce its orders as an alternative basis (alternative to Rule 37) authorizing the sanction imposed.

1

# INTRODUCTION

Plaintiff Skye Musson herein moves for sanctions against Defendant Shalena Cook Jones for abusive and contumacious discovery conduct, contempt of this Court's order to appear for her deposition on April 11, 2023, and for misrepresentations to this and the Superior Court of Chatham County regarding her obligation to testify in this case. Defendant Jones violated this Court's order to appear on April 11, 2023, citing a "conflict" of her own creation and invention after she failed to properly manage her concurrent obligations to this case and as a trial attorney in a criminal matter in Superior Court. Plaintiff has sought to take Defendant Jones' deposition since Defendant 2022, and despite two discovery extensions, and multiple requests for dates, Jones refused to make herself available, including after a court order. In the last discovery period, from February 15 to March 31, 2023, Plaintiff asked Defendant Jones for her deposition five times and Jones did not offer a single date in the entire 45-day period. After Plaintiff noticed her deposition for March 29, 2023, Jones' counsel requested a conference to postpone the deposition. During the conference, held on March 28, 2023, *Jones* specifically requested rescheduling to April 11, 2023, assuring the Court and parties of her availability on that date. In reliance on that assurance, this Court ordered her deposition to take place on that date. [Doc. 76, 81 n1.]

On March 29, 2023, Jones participated in a specially set pre-trial conference in the criminal jury trial proceeding of *State of Georgia v. Tyrone Glover*, SPCR21-00383-J6 in Chatham County Superior Court, where she is one of three prosecutors of record. [Doc. 82, 82-1.] Subpoenas were issued in the criminal matter through April 14, 2023, in anticipation of any delays that could arise in the trial. During that conference, she did not mention her court-ordered deposition as a potential conflict. Plaintiff Musson served upon Jones a notice of deposition on April 5, 2023. At another

pretrial conference on April 6, 2023, when it was clear that the proceeding would continue into the following week, DA Jones still failed to mention her court-ordered deposition.

On April 10, 2023, Jones again sought to evade her deposition. This Court denied her eleventh-hour request to postpone, but she still chose not to appear. As discussed more fully below, Jones could have attended her deposition without compromising the criminal case. She simply chose the proceeding that she preferred in blatant disregard of her obligations to this Court. She admitted to Judge Stokes that her co-counsel would have been qualified to handle the criminal proceedings in her absence. She also never even asked Judge Stokes if she could be excused for the entire day on April 11, 2023, starting at the 10:00am start time on the notice. Instead, she carved out her own two-hour block of time when she decided she was willing to step away from the trial to attend her deposition, then falsely represented that her only obligation was to appear from 1:30-3:30. DA Jones has repeatedly held herself above her obligation to participate in discovery, and now, above this Court's orders. Because Defendant Jones has willfully refused to appear in derogation of this Court's order, and because she cannot show impossibility of compliance, Plaintiff Musson asks this Court to sanction Jones by striking her Answer, entering a default judgment against her, and awarding Plaintiff fees and costs associated with this Motion and Jones' nonappearance at her deposition.

## STATEMENT OF FACTS

1. Plaintiff incorporates by reference the recitation of facts summarizing discovery in this case asserted in her Response in Opposition to Defendants' recent Motion to Extend Discovery. [Doc. 75.] Since that time, the following events have transpired.

2. On March 28, 2023, Judge Ray convened a discovery conference and ordered Defendant Jones to appear on April 11, 2023, for her deposition. [Doc. 76, minute entry.]

3. On March 29, 2023, a specially set pretrial conference occurred in the matter of *State of Georgia v. Tyrone Glover*, SPCR21-00383-J6, in which Defendant Jones is counsel of record. [Doc. 85-1.] [*See* **Exhibit A**, Declaration of Counsel for Tyrone Glover, Kelly Turner ("Turner Decl.") at ¶ 7]. During that conference, Jones made no mention of her court-ordered deposition on April 11, 2023. [*Id.* ¶ 8.]

4. The Glover trial commenced on April 5, 2023, with jury selection. [*Id.* at ¶ 10.]

5. On April 5, 2023, this Court denied Defendants' Motion for an Extension of Discovery and reiterated the order for Defendant Jones to appear on April 11, 2023, for her deposition. [Doc. 81, n1.]

6. On April 5, 2023, Plaintiff Musson served on Jones her Second Amended Notice of Deposition, with a start time of 10:00am and no specific end time. **Exhibit B**, Second Amended Notice of Deposition for Shalena Cook Jones ("Notice of Deposition").

7. According to Kelly Turner, the criminal defense attorney in the Glover case, the parties held another pretrial conference on April 6, 2023. [**Ex. A**, Turner Decl. at ¶ 11.] At that time, Jones attempted to obtain a continuance until Monday, April 10, 2023, due to witness availability. [*Id.*] Still, she never cited her April 11, 2023 court-ordered deposition as a conflict during that conference. [*Id.*]

8. During the Glover pretrial conference, the parties projected that subpoenas would be needed in the case at least through April 14, 2023, to complete the trial and build in additional time for

4

evidentiary matters or other delays. Additionally, up to ten witnesses (possibly more) were identified for the Glover trial. [**Ex. A**, Turner Decl. at ¶ 8.]

9. On April 10, 2023, Defendant Jones' counsel contacted Plaintiff's counsel in this case and requested a postponement of the deposition because of the *Glover* matter. [Doc. 82-3.] Plaintiff's counsel opposed the request in light of the multiple attempts to obtain the deposition and court order in effect. [*Id*.] Jones' counsel said she requested a recess from the Court for 1:30-3:30 to appear for the deposition. This shortened window of time to commence several hours after the 10:00am start time was not proposed by, or agreed upon, by Plaintiff. It was unilaterally chosen by Jones.

10. Jones told Judge Tammy Stokes, the Chatham County Superior Court judge presiding over the *Glover* matter, that she was only obligated to appear for her deposition between 1:30-3:30 and requested a recess only for that time. See **Exhibit A-1** at 1, Email exchange between Defendant Jones, Judge Tammy Stokes, and Kelly Turner (counsel for Tyrone Glover in SPCR21-00383-J6).

11. According to Ms. Turner, DA Jones could have submitted a conflict letter as early as their pretrial conference on March 29, 2023, and failed to do so. [*Id.*]

12. Subsequently, Defendant Jones filed an Emergency Motion to Reschedule her deposition and to Amend the Scheduling Order to accommodate another deposition date. [Docs. 82, 83.] The Court denied both Motions on the same day. [Doc. 84.]

13. Counsel for Defendant Jones forwarded the ECF notification of the order denying Jones' Motion to Postpone her Deposition to Defendant Jones, calling the order "total garbage," but

warning her about the possibility of sanction and striking of the Answer if she did not appear. *See* **Exhibit A-2**, Email exchange[2].

14. DA Jones then forwarded her attorney's email to Judge Stokes and Ms. Turner with the warning about possible sanctions, claiming that she was caught between both proceedings and faced consequences from both courts for nonattendance. *See id*.

15. Jones then admitted that even though her co-counsel Harris and Annunziata were capable of handling the matter on their own, she simply wanted to be present. *Id.* ("While I believe that Chief Harris and ADA Annunziata are professionally capable of handling the matter, as lead counsel for the State I feel I need to be present for tomorrow's proceedings.") *Id.*

16. Subsequently, Jones sent a conflict letter late on the night before her deposition in this case to both this Court and Judge Stokes. [Doc. 85-1.] Despite Defendant Jones' earlier representation to Judge Stokes that her co-counsel were "professionally capable of handling" the Glover trial in her absence, the conflict letter to both courts, "certif[ied] that … (c) The criminal case cannot be adequately handled, and the State's interest adequately protected, by the other attorneys at this late point in the trial." The conflict letter also falsely "certif[ied] that … (d) [Defendant Jones] informed both courts of the conflict at the earliest possible moment." *Id*.

17. On the morning of April 11, 2023, Jones filed an Emergency Motion for Reconsideration of her motion to postpone her deposition, which this Court denied. (Docs. 85, 87.)

---

[2] Defendant Jones waived the attorney-client privilege by between herself and her counsel by forwarding his communication to Judge Stokes and Kelly Turner, her opposing counsel in the Glover matter. But parties may waive the privilege by "voluntary disclosure of otherwise privileged material to a third party. *S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. CV414-152, 2015 WL 13035177, at *3 (S.D. Ga. July 30, 2015) (citation omitted). Jones had no reasonable expectation of privacy in sharing her attorney's legal advice regarding Ms. Musson's case with an opposing counsel (Ms. Turner) or a judge in the Glover matter.

18. Counsel of record in this case, a court reporter, and videographer/exhibit tech convened for the deposition, but Cook Jones did not appear. *See attached*, **Exhibit C**, Certificate of Nonappearance of Shalena Cook Jones.

19. Plaintiff incurred $471.35 in charges for the court reporter and videographer's appearance. **Exhibits D and E**, Invoices from Court reporter and videographer.

## ARGUMENT AND CITATION OF AUTHORITY

The extensive sanctions available to courts under Rule 37 for failure to comply with discovery orders are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process. *United States v. One 1999 Forty Seven Foot Fountain Motor Vessel*, 240 F.R.D. 695, 698 (S.D. Fla. 2007) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)); *see also*, *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir.1999) ("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."); *Bankatlantic v. Blythe Eastman Paine Webber, Inc.*, 130 F.R.D. 153, 154 (S.D. Fla.1990) ("Enforcement of the sanctions order is necessary to serve the punishment and deterrence goals of the rule and to vindicate the integrity of the Court and discovery process").. Thus, it is important that the non-offending party be compensated by parties, and their counsel alike if the circumstances warrant, for the added expenses caused by the violation of discovery orders. *One 1999 Forty Seven Foot Fountain Motor Vessel*, 240 F.R.D. at 698 (citing *In re Southeast Banking Corp.*, 204 F.3d 1322, 1335 (11th Cir.2000) ("No litigant and no attorney…may be permitted to exhibit…contumacious conduct without risk of sanctions under Rule 37."); *Pesaplastic v. Cincinnati Milacron Co.*, 799 F.2d 1510 (11th Cir.1986) (court ordered defendant and defense counsel to pay costs incurred in applying for relief for violation of discovery

7

orders); *Carlucci*, 775 F.2d 1440 (court ordered $10,000 sanction payable to court registry for defense counsel's noncompliance with court's discovery orders).

Moreover, it is appropriate to strike pleadings and enter default judgment against parties who violate discovery orders. *One 1999 Forty Seven Foot Fountain Motor Vessel*, 240 F.R.D. at 698 (citing *Adolph Coors Co. v. Movement Against Racism*, 777 F.2d 1538 (11th Cir.1985) (court ordered default judgment because defendants refused to comply with discovery order); *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987) (court struck answer and issued default judgment for failing to comply with court order compelling discovery). Finally, parties can be held in contempt for refusing to comply with discovery orders. *See Pesaplastic*, 799 F.2d 1510; *Securities and Exchange Commission v. First Fin. Group of Texas, Inc.*, 659 F.2d 660 (5th Cir.1981). As stated by the Supreme Court in *Gompers v. Buck's Stove & Range*, 221 U.S. 418, 450 (1911), "the power of courts to punish for contempt is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *See Roadway Express v. Piper*, 447 U.S. 752, 764 (1980). This Court also has inherent authority to enforce its own orders, separate and apart from Rule 37. *See supra*, fn1.

The Eleventh Circuit recognizes the purposes sanctions should serve. They include: "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir.1985); *see also*, *In re Southeast Banking Corp.*, 204 F.3d 1322, 1335 (11th Cir. 2000) ("No litigant and no attorney…may be permitted to exhibit…contumacious conduct without risk of sanctions under Rule 37."); *Pesaplastic*, 799 F.2d 1510 (court ordered defendant and defense counsel to pay costs

incurred in applying for relief for violation of discovery orders); *Carlucci*, 775 F.2d 1440 (court ordered $10,000 sanction payable to court registry for defense counsel's noncompliance with court's discovery orders).

Once a moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. *In re Chase & Sanborn Corp. et al*, 872 F.2d 397 (11th Cir.1989). Moreover, the non-moving party must show that <u>*all*</u> reasonable efforts were made to comply with the court's order. *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976) (emphasis added). The non-moving party cannot prove impossibility to comply with the discovery order through mere assertions. *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.1984); *see also*, *H&R Block E. Enterprises, Inc. v. Chambers*, No. 1:06-CV-1330-CAP, 2007 WL 9710307, at *7 (N.D. Ga. Oct. 3, 2007) (failure to prove impossibility of compliance despite reasonable efforts subjected party to sanctions).

On March 28, 2023, Jones told this Court that she was unable to appear for her originally noticed deposition of March 29, 2023, but would certainly appear on her chosen date of April 11, 2023. Relying on her representation, the Court ordered her to appear on April 11, 2023. On March 29, 2023, the day after this Court granted her request to reschedule her deposition, Jones represented to Judge Stokes in Chatham County Superior Court that she had no conflicts and could commence a criminal jury trial in Chatham Superior Court in the *Glover* case. [Turner Decl. at ¶ 7.] She commenced that trial on April 5, 2023, and failed to notify either court of the conflict until April 10, 2023, despite multiple opportunities and well after receiving notice of her deposition.

On the eve of the deposition, she again tried to get out of it. She falsely represented to Judge Stokes that she was only expected to appear for her deposition from 1:30-3:30, and requested a

recess only for that limited time. There is no indication that she advised Judge Stokes that her deposition was noticed for the full day starting at 10:00am. As a result, not only did she fail to make reasonable efforts to comply with the order, she made no effort at all to appear at the scheduled 10:00am time. She filed no conflict notice in the Glover matter regarding this deposition until April 10, though she knew she was court-ordered to appear as of March 28, 2023.

When this Court denied her motion to reschedule filed on April 10, 2023 within a few hours, Defendant Jones forwarded the order and communications from her attorney to Judge Stokes, refusing to accept any responsibility for her failure to manage her schedule properly, and somehow blaming this Court for refusing to release her from her deposition. **Exhibits A1-2**. Then, she admitted that her co-counsel in the Glover case, "Chief Harris and ADA Annunziata," were "professionally capable of handling the matter," but she simply wanted to be there as lead counsel. In other words, she could have appeared for the entire day of her deposition without compromising the criminal matter but made a series of choices leaning toward avoiding her deposition in this case. She chose not to (1) file a timely conflict letter; (2) mention the deposition at two pretrial conferences where witnesses and scheduling were discussed and she asked for a continuance for other reasons; or (3) allow her seasoned co-counsel, who she admitted to Judge Stokes could handle the case without her for a day, to proceed while she complied with the order. There is ample evidence that compliance with the Court's order was possible and Jones simply elected not to comply. Jones' attorney specifically warned her that sanctions were a possibility if she failed to appear for her deposition, and she still refused to appear.

At this point, Plaintiff has exhausted efforts and endured significant undue burden to prepare for and compel Jones' deposition, and Jones still did not appear for a date she herself proposed.

This Court informed Jones' counsel no less than three times that Jones was ordered to appear on April 11, and denied two motions related to postponement. Counsel for DA Jones warned her about the possibility of the Court striking her Answer as a sanction before she decided not to appear. In multiple communications with Judge Stokes, including in her conflict letter, Jones claimed she was only required to step away from 1:30-3:30, which was a false statement to the Superior Court. She carved out her own two-hour block when *she* decided she could step away from the Glover trial and falsely told Judge Stokes she was only ordered to appear for her deposition for that block. Compounding the falsehood to Judge Stokes, she falsely represented to this Court that the Glover matter could not be adequately handled without her though she admitted to Judge Stokes that the other prosecutors were qualified to handle the case on the date of the conflict. [Ex. A-2 at 1.]

Jones cannot show it was impossible for her to appear at 10:00am because she cannot show she even asked Judge Stokes to be excused for the time set aside for this deposition as written on the deposition notice. [Ex. B.] Neither Ms. Musson, her counsel, nor this Court are required to bend to whatever scraps of time Jones offers to take her deposition, regardless of her status or position, nor should Jones be permitted unilaterally create out of whole cloth a "conflict" on her schedule. No plaintiff should be forced to take a deposition of an opposing party and employment decision-maker in a piecemeal fashion. Jones also never mentioned the conflict until the eve of the deposition to Judge Stokes, Plaintiff, or this Court. Thus, Defendant Jones willfully violated this Court's order to appear at her noticed deposition time, misrepresenting to another court the compulsory time to appear, then misrepresenting to this Court that her co-counsel in the *Glover* case were unable to handle the proceeding in her absence. She also misrepresented to *both courts* that she notified them of the conflict at the earliest possible time. She did not. Then, she elected not to appear at her

deposition when it was possible to appear, even after her counsel warned her and this Court denied her Motions to Postpone her Deposition and to Reconsider its Decision Denying that Motion.

## CONCLUSION

Based on the foregoing, this Court should sanction Defendant Cook Jones for her discovery conduct and willful contempt of this Court's order to appear for her deposition on April 11, 2023. Defendant Jones has knowingly and purposely made false representations to two courts in her effort to evade a deposition that this Court ordered her to attend. Accordingly, Plaintiff asks that this Court strike Defendant Jones' pleadings, including her Answers to Plaintiff's Complaint and Amended Complaint [Docs. 11, 34], enter a default judgment against Jones and the DA's office on all claims, and order Defendant Jones to compensate Plaintiff for fees and costs incurred for arranging and appearing at her deposition and for preparing and filing this Motion.

This 14th day of April, 2023.

**BUCKLEY BALA WILSON MEW LLP**

*/s/ Anita K. Balasubramanian*
Anita K. Balasubramanian
Georgia Bar No. 372029
abala@bbwmlaw.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@bbwmlaw.com
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SKYE MUSSON, )<br>)<br>  Plaintiff, )<br>) <br>v. )<br>)<br>SHALENA COOK JONES, in her )<br>individual and official capacities; )<br>CHATHAM COUNTY, GEORGIA; )<br>and the PROSECUTING ATTORNEYS' )<br>COUNCIL OF GEORGIA, )<br>)<br>  Defendants. ) | CASE NO.: 4:22-CV-124 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I electronically filed the foregoing **PLAINTIFF SKYE MUSSON'S MOTION FOR SANCTIONS STRIKING DEFENDANT SHALENA COOK JONES' ANSWER AND ENTERING A DEFAULT JUDGMENT** using the CM/ECF system, which will automatically send e-mail notification and copy of such filing to all attorneys of record, including the following:

  G. Todd Carter (tcarter@brbcsw.com )
  Sean Keenan (skeenan@cmlawfirm.com )
  Reginald Martin (rmartin@chathamcounty.org)
  R. Jonathan Hart (rjhart@chathamcounty.org)
  Edward Greenblatt (egreenblatt@cmlawfirm.com)

  BUCKLEY BALA WILSON MEW LLP

  /s/ Anita K. Balasubramanian
  Anita K. Balasubmaranian
  Georgia Bar No. 372029
  abala@bbwmlaw.com

13