**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| SKYE MUSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 4:22-cv-00124-RSB-CLR |
| SHALENA COOK JONES, in her individual | ) | |
| and official capacities; CHATHAM | ) | |
| COUNTY, GEORGIA; and the | ) | JURY TRIAL DEMANDED |
| PROSECUTING ATTORNEYS' COUNCIL | ) | |
| OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS
STRIKING DEFENDANT SHALENA COOK JONES' ANSWER AND ENTERING A
DEFAULT JUDGMENT**

Plaintiff Skye Musson files this Reply Brief in support of her previously filed Motion for

Sanctions Striking Defendant Shalena Cook Jones' Answer and Entering a Default Judgment.

[Doc. 88.]  In her attempt to show good faith, Defendant Jones takes no responsibility for her own

failure to notify both courts and counsel of the alleged conflict at the time of *scheduling* (more

than ten days before the deposition)—as Superior Court Rule 17.1 requires—rather than when she

self-determined she could not be in both courts at once mere hours before the deposition. Instead,

she blames Plaintiff for refusing to reschedule even after Jones evaded her deposition throughout

the entire two months of the extended discovery period.  Had Plaintiff's position truly been

unreasonable, this Court would have granted one of Jones' last-minute flurry of "emergency"

motions to reschedule, which it did not. [Docs. 82-87.] When the Court did not view Defendant

1

Jones' excuses as reasonable, Jones was legally obligated to attend her deposition and did not, even after her attorney warned her of possible sanctions.

The cases cited by Jones involving courts sanctioning parties for discovery misconduct only make matters worse for her. Her purported expectation that the *Glover* trial would end in time for her deposition, and the immaterial detail regarding the specific delays in that trial, are not reasons to excuse her nonchalance about this Court's directives; rather, these were foreseeable and avoidable issues she should have planned for regardless of whether they ultimately occurred. That is the whole point of filing the conflict notice early; no one can predict the turns a trial will take and Jones' reliance on her failed predictions does not change the fact of her contempt.

The fact that she refused to make herself available on a single date from February 15 through April 11 conclusively demonstrates the complete absence of good faith. Nowhere in her Response does Jones explain the pattern of evasiveness Plaintiff has raised in her Motion, which was not confined to April 11, but occurred repeatedly after multiple unsuccessful requests for dates, a court conference rescheduling her deposition, and finally her last minute emergency motions. Accordingly, this Court should sanction Jones for abusive and contumacious conduct.

A. **FRCP 37 specifically permits striking a defendant's answer and entering a default judgment when a party disobeys a court order for discovery, as occurred here.**

In *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1541 (11th Cir. 1993), cited by Defendant Jones at the outset of her argument [Doc. 90 at 5], the Eleventh Circuit upheld a district court's order imposing the sanction of default judgment, finding that the sanction was appropriate under FRCP 37(b)(2)(C) because, "[t]his rule provides, in relevant part, '**If a party…fails to obey an order to provide or permit discovery…the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:…(C) An**

**order striking out pleadings…or rendering a judgment by default against the disobedient party....'"** *Malautea*, 987 F.2d at 1542 (emphasis added). In *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir. 1982), cited by Defendant, the Eleventh Circuit held, "[a] party's simple negligence or other action grounded in a misunderstanding of a court order does not warrant dismissal." *Id*. In another case decided by the Court of Appeals on the same day as *Troy State*, the Court upheld a default judgment based on "willful disobedience of a court order." *See*, *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

This is not a case of simple negligence like *Troy State*. Defendant Jones asked to reschedule her first noticed deposition of March 29 to April 11. [Doc. 72.] This Court warned Jones' counsel then that she would need to sit for her deposition and ordered her to appear on her requested date of April 11. [Doc. 76.] On April 5, this Court denied Jones' Motion to Amend the Scheduling Order to add another sixty days of discovery and again reiterated its expectation for her to appear on April 11. [Doc. 81.] Then, on April 10, Defendant Jones moved to reschedule her deposition, and then for reconsideration of the denial of that request, on April 11. [Docs. 83, 85.] In her initial Motion to Reschedule, she argued that she found herself in this position because she did not anticipate the trial delays that arose in *Glover* until the day before. [Doc. 83 at ¶ 5]. In the Motion for Reconsideration, she made no new argument apart from appealing to this Court to consider that *Glover* was a rape trial, and that she is bound as an elected officer to uphold the state and federal constitutions in criminal cases. [Doc. 85 at 1-2.]

The Court denied both her "emergency" motions. [Docs. 84, 87.] She still did not appear on April 11. Unless she was unaware of or misunderstood the Court's denials of her motions, which she has not argued, she willfully chose not to appear. That she refused to make herself

3

available for the entire extended discovery period from February 15 through April 11 only proves that her behavior reflects a pattern of evasion and not a one-off misstep.  Her self-serving claim that she did not file an earlier conflict notice because she expected the Glover trial to conclude before her deposition is not sufficient to excuse her conduct here. *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.1984) (holding that the non-moving party cannot prove impossibility to comply with the discovery order through mere assertions; *see also*, *H&R Block E. Enterprises, Inc. v. Chambers*, No. 1:06-CV-1330-CAP, 2007 WL 9710307, at \*7 (N.D. Ga. Oct. 3, 2007) (failure to prove impossibility of compliance despite reasonable efforts subjected party to sanctions).  All these authorities and factual circumstances show Jones' pure disregard and nonchalance for her obligations to this Court.

The cases Jones cites to show extremity of the default sanction all consistently hold that parties who violate discovery orders are subject to the sanction of default.  [Docs. 90 at 6 (citing *North August Management Group, LLC v. Southwest Golf Group, Inc.*, 2011 WL 3273536 at 3 (S.D. Ga. July 8, 2011) (finding that the striking a defendant's answer was appropriate where defendant failed to comply with court order to pay plaintiff's fees and had a pattern of "unresponsiveness and disregard" for court orders); *Buchanan v. Bowman*, 820 F.2d 359, 360 (11th Cir. 1987) (striking defendant's answer after refusing to respond to written discovery and not appearing for multiple scheduled depositions.); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1540-43 (11th Cir. 1985) (entering default after multiple refusals to comply with orders to produce documents)][1].

---

[1] The parentheticals used herein are quoted from Defendant Jones' Response in Opposition, Doc. 90 at 6.

Jones' conduct was extreme enough in this case to warrant the harshest sanction. Jones violated this Court's orders from March 28, April 5, 10, and 11, directing her to appear on April 11th for her deposition, a date that Jones requested after Plaintiff tried multiple times to secure her deposition during the discovery period prior to March 31, 2023.  [Docs. 76, 81, 84, 87.] That is four court orders she disregarded. Jones' counsel also had an obligation to communicate the timing of the deposition effectively to Jones. *Malautea*, 987 F.2d at 1546 (finding that an attorney's duty to ensure the smooth operation of justice is higher than his duty to his client).  Jones had two opportunities to notify Judge Stokes about her conflict on April 11, and failed to do so. [Doc. 88-1 at ¶¶ 7-12.]  Regardless of what time she believed the deposition was to start, she never notified Judge Stokes of any obligation to appear until it was too late. Beyond this, Georgia Superior Court Rule 17.1 does not apply to this Court or bind this Court in any way in its ability to order Jones' appearance or enforce its orders. Jones' actions were neither reasonable nor attributable to any misunderstanding; she acted out of pure disregard for this proceeding, Ms. Musson, and this Court.

**B.  Jones has did not make all reasonable efforts to comply with this Court's order.**

Noticeably absent from Jones' Response in Opposition to Ms. Musson's Motion for Sanctions is also any showing that she made all reasonable efforts to comply with the Court's order.  Her late filing of a conflict letter because she expected the trial to end sooner did not constitute all reasonable efforts.  She had an obligation to notify Judge Stokes of her April 11th deposition as soon as she knew the Glover matter was going to trial, as early as the pretrial conference in Glover on March 29.  She had opportunities on both March 29 and April 6 to notify the Superior Court of the deposition and had an obligation to do so under Superior Court Rule 17.1 but failed to do so.  Her failure to notify the Superior Court at those two junctures of the deposition

demonstrates conclusively that she did not undertake all reasonable efforts to comply with this Court's orders. *See*, *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976). Defendant claims that Plaintiff's reference to *Rizzo* for the proposition that *all* reasonable efforts must be shown to avoid a finding of contempt is inapposite because *Rizzo* did not involve Rule 37 sanctions. [Doc. 90 at 7.] However, *Rizzo* was cited by the Eleventh Circuit in the context of a Rule 37 contempt analysis in *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989) for the proposition that a defendant must show "*all* reasonable efforts" to comply with a discovery order to avoid sanction. *Id.* Defendant claims that Plaintiff's reference to *In re Chase & Sanborn Corp.* in her initial Motion for Sanctions also misstates the standard for Rule 37 sanctions as "impossibility," rather than "inability" of compliance. [Doc. 90 at 6.] This is a distinction without a difference, and in fact, the Eleventh Circuit used the word "impossible" interchangeably with "unable/inability" in its analysis. *In re Chase & Sanborn Corp.*, 872 F.2d at 400 ("Neither of the courts below found, nor do we find that the conclusory statements in the affidavit of defendants' Colombian counsel proffered by defendants sufficiently showed an *impossibility* to comply with the discovery orders.") (emphasis added). None of these arguments change the reality that Jones willfully violated this Court's orders.

The point is, Jones has not, and could not, show that she made all reasonable efforts to comply because she made no effort to timely notify Judge Stokes of her deposition until the day before it was to occur despite at least two opportunities well before that date to do so on March 29 and April 6. As a result, she did not act in good faith. Her claim that she "had no knowledge of her conflict until the day before her scheduled deposition" is egregiously false. She knew she had a trial in Glover as of March 29, and she admitted that the deposition had been noticed "for several

weeks." [Doc. 88-2 at 2.] Without an explanation apart from her self-serving assertion that she thought the Glover trial would end before her deposition, she offers no evidence, as required by *In re Chase & Sanborn*, for why she could not notify the Superior Court of the conflict at the time of scheduling. Plaintiff's motion is neither a "procedural maneuver" nor substantively unwarranted. [Doc. 90 at 7.] That she decided not to bring it up until the night before does not mean she had no awareness of the conflict.

Plaintiff gave Defendant multiple opportunities to present her defense on the merits, including requesting her deposition multiple times in the discovery period. The Court gave Defendant Jones an opportunity to be deposed on the day of her choosing outside the nonexpert discovery period. Jones spurned those chances in favor of self-determining when and how she would engage in her defense, and now bemoans Ms. Musson's attempt to enforce this Court's orders as a "procedural windfall." [*Id*. at 9.] These pleas are too little, too late and the Court should dismiss them. Jones engaged in sanctionable conduct by the plain language of the numerous cases cited in support of Plaintiff's Motion warranting default when a party is found in willful contempt of a discovery order. Accordingly, this Court should grant Plaintiff's Motion for Sanctions and enter a default judgment against Defendant Jones.

**CONCLUSION**

For all these reasons, this Court should grant Plaintiff's requested relief and sanction Defendant Jones for her abusive discovery conduct by entering a default judgment against her.

Respectfully submitted this 11th day of May, 2023.

**BUCKLEY BALA WILSON MEW LLP**

*/s/ Anita K. Balasubramanian*
Anita K. Balasubramanian

7

Georgia Bar No. 372029
abala@bbwmlaw.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@bbwmlaw.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| SKYE MUSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | 4:22-cv-00124-RSB-CLR |
| SHALENA COOK JONES, in her individual | ) | |
| and official capacities; CHATHAM | ) | |
| COUNTY, GEORGIA; and the | ) | **JURY TRIAL DEMANDED** |
| PROSECUTING ATTORNEYS' COUNCIL | ) | |
| OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2023, I electronically filed the foregoing, **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR SANCTIONS STRIKING DEFENDANT COOK JONES' ANSWER AND ENTERING A DEFAULT JUDGMENT**, using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record, including the following:

G. Todd Carter (tcarter@brbcsw.com)
Sean Keenan (skeenana@cmlawfirm.com)
Edward Greenblat (egreenblat@cmlawfirm.com)
Reginald Martin (rmartin@chathamcounty.org)
R. Jonathan Hart (jhart@chathhamcounty.org)

BUCKLEY BALA WILSON MEW LLP

/s/ Anita K. Balasubramanian
Anita K. Balasubramanian
Georgia Bar No. 372029
abala@bbwmlaw.com

9