UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SKYE MUSSON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SHALENA COOK JONES, in her ) | Civil Action No. |
| individual and official capacities; ) | 4:22-CV-00124-RSB-CLR |
| CHATHAM COUNTY, GEORGIA; ) | |
| and the PROSECUTING ) | |
| ATTORNEYS' COUNCIL OF ) | |
| GEORGIA ) | |
| ) | |
| Defendant. ) | |

**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE AND OBJECTIONS TO ORDERS DENYING DEFENDANT SHALENA COOK JONES'S EMERGENCY MOTIONS TO RESCHEDULE HER DEPOSITION AND FOR RECONSIDERATION**

COME NOW, Defendant SHALENA COOK JONES ("Cook Jones") and submits this Reply Brief in Support of her Motion to Set Aside and Objections to Orders Denying Defendant Shalena Cook Jones's Emergency Motions to Reschedule her Deposition and for Reconsideration.

**I.    INTRODUCTION**

The parties extensively briefed the legal issues currently before this Court, but Plaintiff makes multiple factual assumptions, disguised as undisputed facts, in her Response in Opposition to Cook Jones's Motion to Set Aside and Objections to

Orders Denying her Emergency Motions to Reschedule her Deposition and for Reconsideration ("Response in Opposition") [Doc. 92] that require a response.

Plaintiff's overarching point in her Response in Opposition and her related Motion for Sanctions Striking Defendant Shalena Cook Jones' Answer and Entering Default Judgment ("Motion for Sanctions") [Doc. 88] is that Cook Jones should have taken earlier action when she realized she had a potential conflict preventing her from appearing at her deposition. Plaintiff accuses Cook Jones of making intentionally false representations to this Court and the Superior Court of Chatham County to avoid appearing for her deposition. Cook Jones does not dispute that she have taken earlier action to avoid the scheduling conflict that caused her to not appear for her deposition. Cook Jones does dispute that she intentionally took those actions to avoid her deposition and that she made false representations to this Court and the Superior Court of Chatham County. Cook Jones's mistaken or even negligent acts should not result in her facing the potential sanction of having her answer struck and a default judgment entered against her.

Cook Jones is not willfully evading her obligations to this Court or putting her own self-interests over her obligations to this Court. No one disputes that, at the time of her scheduled deposition, Cook Jones was serving as the lead prosecutor in the case of *State of Georgia v. Tyrone Glover*, SPCR21-00383-J6 ("*Glover*").

## II.   ARGUMENT

Cook Jones relies on the legal arguments contained with her initial brief. However, Plaintiff's Response in Opposition contains multiple factual allegations that need corrected.

Throughout Plaintiff's Response in Opposition, she claims that Cook Jones falsely told Judge Stokes of the Chatham County Superior Court that she was only obligated to appear for her deposition from 1:30-3:30pm. [Doc. 92 at 4-6, 8, 11]. Plaintiff alleges that Cook Jones offered no explanation for why she thought her deposition was scheduled from 1:30-3:30pm. [*Id*. at 8]. Cook Jones and her assistant Emma Washington ("Washington") provided certifications to explain the scheduling issue that led Cook Jones to believe her deposition had been scheduled from 1:30-3:30pm. [Docs. 90-1, 90-2]. Specifically, Washington explained that weeks before Cook-Jones scheduled deposition, she scheduled a two-hour block, from 1:30-3:30pm on April 10, 2023, for Cook-Jones to meet with her attorney to prepare for her deposition. [Doc. 90-1, ¶ 4]. Washington further explained that she mistakenly calendared Cook-Jones's deposition prep sessions and actual deposition to both occur from 1:30-3:30pm. [*Id*., ¶ 5]. Cook Jones relied on Washington's calendar entry, which is something she does every day as Washington manages her calendar, when she contacted Judge Stokes to request a recess in order to appear for her deposition. [Doc. 90-2, ¶ 12].

Plaintiff further contends that Cook Jones's attorney knew of the correct deposition time and had an obligation to communicate the time to Cook Jones. Plaintiff appears to insinuate the undersigned did not inform Cook Jones of her deposition time without providing any facts in evidence to support that allegation. In fact, the record evidence supports that the undersigned informed Cook Jones and Washington of the deposition time. [Doc. 90-1, ¶¶ 3-5]. Cook Jones has previously conceded that her choices leading up to the deposition may amount to negligence. [Doc. 90 at 8-9]. But Plaintiff insists that Cook Jones lied about the scheduling issue, without presenting any facts to contradict the information provided in Washington's Certification.

Plaintiff further alleges that Cook Jones contradicted herself because she claimed in her Notice of Conflict letter that no other attorney could handle the *Glover* case while she claimed in an email to Judge Stokes that her co-counsel could handle the *Glover* case. [Doc. 92 at 7]. However, those two statements are not mutually exclusive. The attorneys that tried the *Glover* matter with Cook Jones are both experienced attorneys capable of handling criminal trials, but neither of them knew the nuanced facts of the case, nor had they built a rapport with the jury. [Doc. 90-2, ¶ 11]. Cook Jones's did not have another attorney that she could send to handle the *Glover* trial that would have had the same knowledge of the case or rapport with the jury. [*Id*. ¶¶ 3, 11]. Thus, even though Cook Jones's had capable co-counsel, she

needed to appear through the conclusion of the presentation of evidence in the *Glover* matter.

### III.  CONCLUSION

Plaintiff's Response in Opposition is replete with allegations that Cook Jones made intentional false statements to this Court and Judge Stokes of the Superior Court of Chatham County. However, Plaintiff's allegations lack context or completely ignore evidence in the record. For the reasons stated in herein and in her Motion to Set Aside and Objections to Orders Denying Defendant Shalena Cook Jones's Emergency Motions to Reschedule Her Deposition and for Reconsideration, Cook Jones respectfully requests that the District Court Judge set aside Judge Ray's Orders denying her Emergency Motion to Reschedule her Deposition and her Emergency Motion for Reconsideration of the same.

Respectfully submitted, this 22nd day of May 2023.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Edward Greenblat*

Edward Greenblat
Georgia Bar No. 482735
Email:  egreenblat@cmlawfirm.com
Direct Dial:  678-684-1759

                    Sean Keenan
                    Georgia Bar No. 523871
                    Email: skeenan@cmlawfirm.com
                    Direct Dial: 404-881-2622

                    *(Attorneys for Defendant Cook Jones)*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092

## **CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 22nd day of May 2023.

                                        **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

                                        */s/ Edward Greenblat*
                                        Edward Greenblat
                                        Georgia Bar No. 482735

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the within and foregoing **REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE AND OBJECTIONS TO ORDERS DENYING DEFENDANT SHALENA COOK JONES'S EMERGENCY MOTIONS TO RESCHEDULE HER DEPOSITION AND FOR RECONSIDERATION** with the Clerk of Court using the CM/ECF file and serve system, which will serve an electronic copy of same upon all counsel of record, as follows:

Anita K. Balasubramanian
Joshua K. Brooks
Buckley Bala Wilson Mew LLP
600 Peachtree St., NE, Ste. 3900
Atlanta, GA 30308
abala@bbwmlaw.com
kbrooks@bbwmlaw.com
*(Attorneys for Plaintiff)*

G. Todd Carter
Brown, Readdick, Bumgartner,
Carter, Strickland & Watkins, LLP
P.O. Box 220
5 Glynn Ave.
Brunswick, GA 31521-0220
tcarter@brbcsw.com
*(Attorneys for Prosecuting Attorney's Council of GA)*

Reginald C. Martin
Law Office of Reginald C. Martin LLC
508 N. Main St., Ste. B5
Hinesville, GA 31313
rmartin@chathamcounty.org
*(Attorneys for Chatham County, GA)*

Ralph Jonathan Hart
Hart & Associates Law Firm, LLC
6349 Abercorn St., Ste. D
Savannah, GA 31405
rjhart@chathamcounty.org
*(Attorneys for Chatham County, GA)*

This 22nd day of May 2023.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Edward B. Greenblat*
Edward Greenblat
Georgia Bar No. 482735