IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SKYE MUSSON,                                    )
                                                )
            Plaintiff,                          )
                                                )        CASE NO.: 4:22-CV-124
v.                                              )
                                                )
SHALENA COOK JONES, in her                      )
individual and official capacities;             )
CHATHAM COUNTY, GEORGIA;                         )
and the PROSECUTING ATTORNEYS'                  )
COUNCIL OF GEORGIA,                             )
                                                )
            Defendants.                         )

**PLAINTIFF'S NOTICE OF FEES, COSTS, AND EXPENSES RELATED TO RECENTLY
GRANTED MOTION FOR SANCTIONS AND OTHER PROCEDURAL MATTERS**

        Pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's Order dated

October 26, 2023 (Doc. 97), Plaintiff respectfully submits this Notice in support of her attorney's

fees, costs, and expenses incurred as a result of (1) scheduling and attending Defendant Shalena

Cook Jones' deposition at which she failed to appear; (2) responding to Defendants' Motion to

Amend Scheduling Order (Doc. 69); (3) drafting and filing Plaintiff's Motion for Sanctions (Doc.

88), and supporting briefs; and (4) responding to Cook Jones' Objections (Doc. 89).  Plaintiff

includes herewith supporting documentation, sworn declarations and exhibits, which demonstrate

that Plaintiff has incurred and should be awarded $21,580.00 in attorneys' fees and $471.35 in

costs, for a total recovery of **$22,051.35**.

**A. Statement of Facts**

        Plaintiff's Amended Complaint asserts various federal and state law claims based upon

Defendants' allegedly discriminatory treatment of her because of her sex and disability during her

1

employment. (Doc. 29). She alleges all Defendants discriminated and retaliated against her as joint employers in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (Doc. 29, pp. 13-18.) She also contends Defendants violated the First and Fourteenth Amendments, (id. at pp. 19-24), and the Georgia Whistleblower Protection Act, O.C.G.A. § 45-1-4, (id. at pp. 24-25). Plaintiff sues Cook Jones in her individual and official capacities and claims Cook Jones managed the Chatham District Attorney's Office, including Plaintiff's "day-to-day case load and activities." (Id. at pp. 1, 4.) Plaintiff claims Cook Jones was integrally involved in the discrimination and retaliation against her. (*Id*. at pp. 4-13.)

Discovery in the case commenced on June 15, 2022, with an initial deadline of December 15, 2022. (Doc. 18). The Court granted an initial extension of discovery on December 2, 2022, at the parties' joint request. (Doc. 55).  On February 8, 2023, the parties had to file a second discovery extension motion, caused, in large part, by Cook Jones' deficient responses to Plaintiff's requests. (Doc. 62; see also Doc. 97 at p. 5). On February 10, 2023, the Court granted a second extension through March 31, 2023, for the parties to complete discovery. (Doc. 63).

During this second extended period, from February 15, through March 31, 2023, Plaintiff attempted to obtain Cook Jones' deposition five times, without success. (Docs. 75-4, 75-5, 75-7.) After Plaintiff was forced to unilaterally notice her deposition, Defendant Cook Jones had to move the Court to specially set her deposition outside the discovery period on April 11, 2023, and then failed to appear at her specially set deposition. (Doc 97 at pp. 6-12).  As the Court details in its Order sanctioning Cook Jones' for her discovery conduct, Cook Jones assigned herself as lead counsel in a criminal matter in Chatham County Superior Court after she was court-ordered to appear for her deposition in this case. (Doc. 97 at 31).  This Court sanctioned Defendant Cook

Jones for her discovery conduct, struck her Answers and held her in default, and ordered Cook Jones to reimburse Plaintiff for "all reasonable costs, fees, and expenses associated with (1) scheduling and attending Cook Jones' deposition at which she failed to appear; (2) responding to Defendants' Motion to Amend Scheduling Order, (doc. 69); (3) drafting and filing Plaintiff's Motion for Sanctions, (doc. 88), and supporting briefs; and (4) responding to Cook Jones' Objections, (doc. 89)." (Doc. 97 at 49).  The Court directed Plaintiff to file this "notice detailing all costs, fees, and expenses as well as supporting documentation" within fourteen days of the Order on October 26, 2023.  (*Id.*)

**B. The Time Plaintiff's Attorneys Invested in the Case was Reasonable and Necessary to obtain necessary discovery and oppose Defendant Cook Jones' attempts to delay and thwart these proceedings.**

1.    *Lodestar calculation*

Because this Court has determined that Plaintiff has prevailed in the discovery dispute that was the subject of her sanctions motion, "the lodestar figure represents a presumptively reasonable fee." *Walters v. City of Atlanta*, 652 F. Supp. 755, 757-58 (N.D. Ga. 1985); *see also*, *Hensley v. Eckerhart*, 461 U.S. 424, 433, 435 (1983). The lodestar amount is determined by multiplying a reasonable hourly rate by the hours reasonably expended and then accounting for other considerations that may require an enhancement or reduction of the fee. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). The standard of reasonableness in determining the amount of attorney's fees is to be given a "liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).  In addition to applying the "lodestar" formula, the Court may (but is not obligated to)

3

consider any or all of the factors set forth in *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1979) (abrogated to extent that contingent fee does not affect lodestar calculation); *see also Hensley*, 461 U.S. at 424; *Norman*, 836 F.2d at 1299 (finding *Johnson* factors still relevant to lodestar computation); *Loranger v. Stierheim*, 10 F.3d 776, 781 & n. 6 (11th Cir. 1994) (citing with approval the *Johnson* "factors that district courts should balance in fashioning fee awards" although noting that the *Johnson* "balancing test has since been displaced by the lodestar formula . . . [for use] in establishing a reasonable hourly rate").

Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits; however, counsel's certification that the work itemized has, in fact, been performed is "entitled to considerable weight on the issue of time required …" *Perkins v. Mobile Hous. Bd*., 847 F.2d 735, 738 (11th Cir. 1988). In fact, because counsel's sworn testimony is of such importance, in order for the time to be reduced, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins*, 847 F.2d at 738.

Plaintiff's counsel provided in billing records a very detailed summary of time expended in preparing and making the arrangements for the deposition of Defendant Cook Jones, attending the deposition, preparing the motion for sanctions, and preparing responses and objections to Defendant Cook Jones' Motion to Set Aside the Court's denial of her motions to postpone her deposition/amend the scheduling order. *See*, **Exhibits A and A-1**. Plaintiff requests the following attorney's fee time be awarded: **26.6** hours of Anita K. Balasubramanian's time, **24.1** hours for J. Kyle Brooks' time, **0.5** hours for Edward Buckley's (managing partner) time, and **2.4** hours for Bernadette Seals' (paralegal) time. (Ex. A-1). Plaintiff also requests an award of costs for the deposition scheduling expenses, in the amount of $471.35.

In support of this Notice regarding attorney's fees, Plaintiff's counsel have each submitted declarations detailing their work on the case, attesting that they contemporaneously recorded their time, and stating that, in their professional judgment, the time they spent was reasonable and necessary to the case. (*See* Exhibits A, B.) Counsel's hours represent a specific division of labor and were reduced for any time that could be construed as "excessive, redundant, or inefficient." *Id.*; see also *In Re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 354 (N.D. Ga. 1993).

Ms. Balasubramanian reviewed each time entry for every timekeeper to ensure that they and the other timekeepers had exercised sound billing judgment when allocating and recording their time. (Exhibit A, ¶ 16.) Ms. Balasubramanian did not include entries she felt were not reasonably necessary for the effective representation of Plaintiff in the matters that were the subject of Cook Jones' sanction. (*Id.*)

## 2.   *Plaintiff's counsel's hourly rates were reasonable under* Johnson *factors.*

As recently as last month, the Eleventh Circuit Court of Appeals approved considering the *Johnson* factors in determining reasonableness of an hourly rate.  *See Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, No. 23-10173, 2023 WL 6563864, at *1 (11th Cir. Oct. 10, 2023) (approving magistrate judge's application of *Johnson* factors in evaluating fee petition.)

### a.   Novelty and difficulty of the questions

While attendance at a deposition does not necessarily present a "novel" issue, this Court recognized at the outset of its Order the rarity and severity of issuing a sanction as drastic as the one issued in this case based on a party's discovery abuse. (Doc. 97 at 1).

### b.   Required skill to perform the legal services properly

Based on what Plaintiff has adduced in discovery from other witnesses and written discovery, Cook Jones was the primary employment decision-maker regarding the adverse

employment actions alleged in this case. (Doc. 29 at ¶¶ 21, 22, 31-62). She is an experienced attorney and elected official well-versed in cross-examination and evidence. (*Id*. at ¶ 29). Preparation for her deposition took several hours, required review of many documents, and came after multiple attempts to secure a date for her deposition.  *See* **Exhibit A-1**, Billing Summary.

Plaintiff's lead counsel, Anita Balasubramanian, is a name partner at a widely regarded plaintiff-side employment and civil rights firm in Atlanta, GA, and J. Kyle Brooks is also an experienced trial attorney and partner at Buckley Bala Wilson Mew LLP.   (Exhibits A, B). Plaintiff's attorneys have considerable skill and expertise with respect to the claims at issue in the case.  As set forth in the accompanying declaration of Jennifer Coalson, Plaintiff's lawyers and law firm have considerable experience litigating employment law matters and have been widely regarded as a prominent law firm specializing in these matters in the relevant communities. **Exhibit C**, Declaration of Jennifer Coalson, ¶ 9.

### c.  Preclusion of other employment by the attorney due to acceptance of case

The firm of Buckley Bala Wilson Mew LLP, having only eleven lawyers, must carefully consider and assess the amount of time required by existing cases in determining whether to accept new cases. (Ex. A, ¶ 18). Plaintiff's attorneys had to devote significant time to litigation involving Cook Jones' sanctioned conduct, including repeated requests for her deposition, preparation for her deposition, conferring with counsel and the Court to resolve Defendants' third discovery extension request, and drafting and editing the sanctions motion and responses to Cook Jones' motions to postpone or set aside Judge Ray's orders for her to attend her deposition. (Docs. 69, 72, 75, 76, 81, 82, 83, 85, 88, 89, 90, 92, 94, 96). These were avoidable hours of attorney time that could have been better spent elsewhere, including in service of other individuals with valuable employment claims, had Cook Jones committed to basic engagement in her own defense. Indeed,

Ms. Balasubramanian held off on scheduling depositions in three other cases out of a desire to prioritize completing discovery in this case by the deadline. (Exhibit A, ¶ 18).

### d.   Customary Fee

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar service by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The relevant legal community is the district and division in which the court sits. *Henry v. Community of Hope Center*, 2017 WL 9482067 (S.D. Ga. 2017). Accordingly, the relevant legal community is the Savannah, Georgia area.

In this case, Plaintiff requests an hourly rate of $425/hour for Anita Balasubramanian, $400 for J. Kyle Brooks, $550/hr. for Edward D. Buckley (whose total time was only ½ an hour and needed because of the seriousness of the relief requested of sanctions), and $150/hour for paralegal Bernadette Seals' time.  Based on the attached declaration of Charles Herman, an attorney whose practice has been primarily based in Savannah, Georgia for the past seventeen years, these rates are reasonable for the local area.  (**Exhibit D**, Declaration of Charles Herman, at ¶¶ 3, 7).  Additionally, as discussed by attorney Jennifer Coalson, Atlanta attorneys regularly receive calls from, and accept representation of, individuals throughout the area comprising the Southern District of Georgia.  (Ex. C at ¶ 7.)  As a result, this factor should weigh in favor of reasonableness of the rate charged by Plaintiff's counsel.

### e.   Whether the fee is fixed or contingency

While this was a factor identified in *Johnson*, the Supreme Court later held that a non-prevailing party, "is not, however, required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989).  A contingent fee arrangement, which is the arrangement in this case between Plaintiff

and her counsel, only entitles counsel to recover if Ms. Musson wins or the case settles. (Exhibit A at ¶ 14). The time and expense necessary to deal with these unnecessarily time-consuming issues of Rule 37 litigation go beyond the risk factored into a normal contingent fee arrangement, where an attorney's assumption of risk is premised typically on the strength of the claims and the reasonable likelihood of success on the merits. In a situation such as this, where attorneys must expend not only time and expense to litigate the merits but to litigate discovery abuses, that is time that is incurred through no fault of Plaintiff or her counsel and beyond the scope of risk and valuation assessed at the time an attorney accepts the case. Accordingly, this Court should consider the fact of this contingency arrangement to support or enhance the reasonableness of the hourly rates requested here, since the fees were incurred through no fault of Plaintiff or her counsel, were beyond the initial scope of risk assessed when Plaintiff's counsel accepted the contingent fee arrangement and were awarded as a *sanction* against an opposing party.

### f.  Time limitations imposed by the client or circumstances

As the Court recognized, Plaintiff filed her initial charge of discrimination on June 23, 2021, and then filed this lawsuit on April 7, 2022. (Doc. 97 at 3). Plaintiff filed her Amended Complaint on August 3, 2022. (*Id.*; Doc. 29). There were time limitations here, including two prior discovery extensions, which necessitated the sanctions motion and Plaintiff's efforts to secure Cook Jones' deposition on or before April 11, 2023. Indeed, Judge Ray ordered that the deposition take place on that date, and Plaintiff had no discretion to delay beyond that date. (Doc. 97 at p. 45, n.20).

### g.  Amount involved and results obtained

The amount of attorney's fees claimed here covers approximately 6-8 weeks of time, and Defendant Cook Jones already admitted she expects to compensate Plaintiff for the scheduling of her deposition and her nonappearance. (Doc. 97 at p. 46, n.20) ("Even now, Cook Jones impliedly

agrees that sanctions are warranted as she offers to pay Plaintiff's costs resulting from her non-appearance.")  The amount claimed for attorney time and the expenses incurred is $22,051.35. (Exhibit A-1).  The results obtained were wholly justified under the circumstances of Plaintiff's repeated efforts to avoid delay and complete discovery within the ordered time period.

### h.  Experience, reputation, and abilities of the attorneys

As indicated elsewhere in this notice, Plaintiff's counsel's law firm is devoted to plaintiff-side employment litigation and both attorneys (Balasubramanian and Brooks) are partners at their law firm. (Ex. A at ¶ 7; Ex. B at ¶ 6).  Ms. Balasubramanian has practiced employment law since 2012, and Mr. Brooks has practiced civil litigation throughout his career since 2013. Ms. Balasubramanian regularly presents CLEs to members of the employment law bar and mentors junior employment lawyers through the State Bar of Georgia. Both Plaintiff's counsel are members of the National Employment Lawyers Association, which requires at least 50% of law practice to be devoted to plaintiff's work.  (Exhibit A at ¶ 3; Exhibit B at ¶ 3; Exhibit C, Coalson Declaration at ¶¶ 7-9). Both Ms. Balasubramanian and Mr. Brooks have extensive civil litigation experience in state and federal courts and have collectively represented more than a hundred individuals in a variety of employment and civil rights matters. (Ex. A at ¶ 9; Ex. B at ¶¶ 5, 7).

### i.  Undesirability of the case

"Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant." *Johnson*, 488 F.2d at 719 (citing *NAACP v. Button,* 371 U.S. 415, 443 (1963); *Sanders v. Russell*, 401 F.2d 241 (5th Cir. 1968)). Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court." *Id.*

Plaintiff's counsel incurred significant risk in taking on this case, including the questions related to Plaintiff's employment relationship with the various Defendants, and more importantly, sovereign immunity defenses now being considered by the Georgia Court of Appeals that could potentially impact Plaintiff's Americans with Disabilities Act claim. (Exhibit A ¶ 14). The undesirability of the case increased significantly when Plaintiff could not even depose the key decision-maker, Cook Jones.  Accordingly, this factor should weigh in Plaintiff's favor for the reasonableness of the attorney's fees incurred.

### j.   Nature and length of the professional relationship with the client

Plaintiff's counsel has represented her since approximately May 13, 2021.  (Ex. A, ¶ 14). As Plaintiff is an attorney herself, this strong rapport and Plaintiff's commitment to litigating her own case facilitated efficient, quick, and effective communications between Plaintiff and her lawyers, thereby lowering the amount of time expended on this matter.

### k.   Awards in similar cases

As described above and in the attached declarations of Jennifer Coalson and Charles Herman, the fee sought in this action is within the range of fees reasonable for the area market charged by attorneys of comparable skill and experience. This Court awarded a rate of $400/hour over three years ago in an employment law case, *Kennedy v. NILA Investments, LLC.*, 2:19-CV-090, 2020 WL 3578362, - 3 - at *3 (S.D. Ga. July 1, 2020), and given the other factors in this case warranting enhancement of the hourly rate discussed above—particularly because this award is supposed to be a *sanction*—Plaintiff's counsel's rates are not inconsistent with the general range of rates this Court appears to have awarded in the past.

C. **Conclusion**

WHEREFORE, Plaintiff asks the Court to deem her fees, costs, and expenses reasonable and grant them in their entirety.

This 9th day of November, 2023.

BUCKLEY BALA WILSON MEW LLP

*/s/ Anita K. Balasubramanian*
Anita K. Balasubramanian
Georgia Bar No. 372029
abala@bbwmlaw.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@bbwmlaw.com
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| **SKYE MUSSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.: 4:22-CV-124** |
| **v.** | ) | |
| | ) | |
| **SHALENA COOK JONES, in her** | ) | |
| **individual and official capacities;** | ) | |
| **CHATHAM COUNTY, GEORGIA;** | ) | |
| **and the PROSECUTING ATTORNEYS'** | ) | |
| **COUNCIL OF GEORGIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2023, I electronically filed the foregoing **PLAINTIFF'S NOTICE OF FEES, COSTS, AND EXPENSES RELATED TO RECENTLY GRANTED MOTION FOR SANCTIONS AND OTHER PROCEDURAL MATTERS** using the CM/ECF system, which will automatically send e-mail notification and copy of such filing to all attorneys of record, including the following:

> G. Todd Carter (tcarter@brbcsw.com)
> Sean Keenan (skeenan@cmlawfirm.com)
> Reginald Martin (rmartin@chathamcounty.org)
> R. Jonathan Hart (jhart@chathhamcounty.org)

> **BUCKLEY BALA WILSON MEW LLP**

> */s/ Anita K. Balasubramanian*
> Anita K. Balasubmaranian
> Georgia Bar No. 372029
> abala@bbwmlaw.com