IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SKYE MUSSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | 4:22-cv-00124-RSB-CLR |
| SHALENA COOK JONES, in her ) | |
| individual and official capacities, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF FAULT OF NONPARTIES

COMES NOW, Defendant Shalena Cook Jones, in her individual and official capacities, and, pursuant to O.C.G.A. § 51-12-33, hereby gives notice that nonparty, Chatham County Georgia, Prosecuting Attorney's Council of Georgia, and Michael L. Edwards, nonparties to this action, were wholly or partially at fault in connection with Plaintiff's alleged injuries.

1. Last Known Addresses:

    a. Chatham County, Georgia: 124 Bull Street, Ste 210, Savannah, Georgia 31401;

    b. Prosecuting Attorney's Council of Georgia: 1590 Adamson Parkway, Fourth Floor, Morrow, Georgia 30260; and

    c. Michael L. Edwards: 212 West 34th Street, Savannah, Georgia 31401.

2. The basis for defendant's belief that the nonparties are at fault are as follows:

   a. Chatham County, Georgia: As alleged in Plaintiff's Amended Complaint, Plaintiff was a joint employee of Chatham County. (Dkt. 29, ¶ 16). Plaintiff's salary was partially paid by Chatham County. (Dkt. 29, ¶ 17). Chatham County determined Plaintiff's stipend amount. (Dkt. 29, ¶ 19). Defendant utilized and placed copies of the Chatham County employment manual in common work areas. (Dkt. 29, ¶ 23). These polices and procedures were applicable to Plaintiff. (Dkt. 29, ¶ 24). Chatham County contracted with the DA's Office to perform certain prosecutorial roles, including duties assigned to Plaintiff. (Dkt. 29, ¶¶ 25-26). Chatham County issued a Separation Notice stating that its employment of Plaintiff ended on April 12, 2021. (Dkt. 29, ¶ 73). Plaintiff sought redress through the EEOC via a discrimination charge against Chatham County. (Dkt. 29, ¶ 75). Chatham County approved Plaintiff as Conflict Counsel but subsequently withdrew the approval. (Dkt. 29, ¶ 76). Chatham County violated Plaintiff's rights under Title VII by failing to promote her and terminating her because of her sex, resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 81-88). Chatham County violated Plaintiff's rights under 42 U.S.C. § 12112 by terminating

Plaintiff because of her disabilities resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 90-99). Chatham County violated Plaintiff's rights under Title VII by retaliating against Plaintiff after she engaged in protected activity resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 90-109). Chatham County violated Plaintiff's rights under the ADA by retaliating against Plaintiff after she engaged in protected activity resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 111-119). Chatham County violated Plaintiff's rights under 42 U.S.C. § 1983 by discriminating against Plaintiff on the basis of sex resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 149-158). Chatham County violated Plaintiff's rights under O.C.G.A. § 45-1-4 by retaliating against Plaintiff for disclosing waste and abuse by terminating her employment resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 161-170);

b. Prosecuting Attorney's Council of Georgia: As alleged in Plaintiff's Amended Complaint, Plaintiff was a joint employee of PAC. (Dkt. 29, ¶ 16). Plaintiff's salary was partially paid by PAC. (Dkt. 29, ¶ 17). PAC provided Plaintiff with training, her base compensation, employment benefits, norms of job performance, polices, rules, and regulations pertaining to qualifications, hiring, rank, promotions, and salary increases.  (Dkt. 29, ¶ 20). PAC issued a Separation Notice stating that its employment of Plaintiff ended on April 12, 2021. (Dkt. 29, ¶ 74).

Plaintiff sought redress through the EEOC via a discrimination charge against PAC. (Dkt. 29, ¶ 75). PAC violated Plaintiff's rights under Title VII by failing to promote her and terminating her because of her sex, resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 81-88). PAC violated Plaintiff's rights under 42 U.S.C. § 12112 by terminating Plaintiff because of her disabilities resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 90-99). PAC violated Plaintiff's rights under Title VII by retaliating against Plaintiff after she engaged in protected activity resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 90-109). PAC violated Plaintiff's rights under the ADA by retaliating against Plaintiff after she engaged in protected activity resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 111-119). PAC violated Plaintiff's rights under 42 U.S.C. § 1983 by retaliating against Plaintiff for constitutionally protected speech resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 136-147). PAC violated Plaintiff's rights under 42 U.S.C. § 1983 by discriminating against Plaintiff on the basis of sex resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 149-158).PAC violated Plaintiff's rights under O.C.G.A. § 45-1-4 by retaliating against Plaintiff for disclosing waste and abuse by terminating her employment resulting in Plaintiff's damages. (Dkt. 29, ¶¶ 161-170); and

   c. Michael L. Edwards: As alleged in Plaintiff's Amended Complaint, Mr. Edwards was the Chief Assistant District Attorney. (Dkt. 29, ¶ 45) Mr. Edwards was aware that Plaintiff was diagnosed and did suffer from PTSD. (Dkt. 29, ¶ 46). Mr. Edwards intimidated, threatened, and admonished Plaintiff. (Dkt. 29, ¶ ¶ 56-58). The pressure exerted on Plaintiff by Mr. Edwards was so intolerable that she felt she was forced to resign. (Dkt. 29, ¶ 59). Mr. Edwards continued his harassment on Plaintiff by interrogating her further after she provided notice of resignation resulting in the triggering of Plaintiff's PTSD and "trauma brain.". (Dkt. 29, ¶¶ 62-65). Mr. Edwards actions contributed to the alleged harms as alleged in Plaintiff's Amended Complaint under Counts 1, 2, 3, 4, 6, 7, 8, and 9.

3. This notice is given more than 120 days prior to the date of the trial in this action, and for purposes of having the jury in the trial of this case consider the negligence or fault of said nonparties.

Dated this 15th day of April, 2024.

                                 BY:  /s/ Mark A. Tate
                                            Mark A. Tate
                                            Georgia Bar Number 698820
                                            tlgservice@tatelawgroup.com
                                            TATE LAW GROUP, LLC
                                            25 Bull Street, 2nd Floor
                                            Savannah, Georgia 31401
                                            T.  (912) 234-3030

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Notice of Fault of Nonparties** via the Court's E-file service and email to the following counsel of record:

Anita K. Balasubramanian
Buckley Bala Wilson Mew LLP
600 Peachtree Street NE, Suite 3900
Atlanta, Georgia 30308
abala@bbwmlaw.com

This 15th day of April, 2024.

                              BY:   /s/ Mark A. Tate
                                       Mark A. Tate
                                       Georgia Bar Number 698820
                                       tlgservice@tatelawgroup.com
                                       TATE LAW GROUP, LLC
                                       25 Bull Street, 2nd Floor
                                       Savannah, Georgia 31401
                                       T.  (912) 234-3030
                                       F.  (912) 234-9700