UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SKY MUSSON,<br><br>  Plaintiff,<br><br>v.<br><br>SHALENA COOK JONES, et al.,<br><br>  Defendants. | Civil Action No. 4:22-CV-00124-RSB-CLR |

### **DEFENDANTS' SUPPLEMENTAL BRIEF**

COMES NOW, Defendant Shalena Cook Jones, and hereby files her Supplemental Brief as directed by the Court (Doc. 151), showing the Court as follows:

**I.  Proper Defendant, County or State.**

At the outset, Defendant is unaware of any authority that supports the contention that in Georgia, the Office of the District Attorney is a county function rather than an arm state. Indeed, a District Attorney acts as a state official in this discharge of their duties. McClendon v. May, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999). Additionally, a district attorney is a separate entity from a county. Ga. Const. art. VI, § 8, ¶ I(a) ("There shall be a district attorney for each judicial circuit, who shall be elected circuit-wide for a term of four years."); Ga. Const. art. IX, § 9, ¶ I ("Each county shall be a body corporate and politic with such governing authority and with such powers and limitations as are provided in this Constitution and as provided by law.") The involvement of a county extends merely to approval of the "manner and amount of compensation" set by the district attorney. O.C.G.A. § 15–18–20(b).

To the extent that Plaintiff would argue there remains a question as to whether Defendant Cook Jones was discharging a county administrative function rather than in her role as

a state officer for the alleged acts, a case-by-case analysis would normally be required. Lange v. Houston Cnty., Georgia, 608 F. Supp. 3d 1340, 1352 (M.D. Ga. 2022). However, this Court has dismissed all claims against Chatham County with prejudice.[1] (Doc. 129). Further, this Court has correctly noted that persons sued in their official capacities represent claims against the office or entity in which the official serves as an agent. (Doc. 151, p. 14.) Thus, to the extent that Plaintiff alleges that Defendants' acts or omissions do somehow implicate, or were in fact that of the county, and by extension the proper payor of a judgment, this Court has dismissed all of these allegations for failure to state a claim and Plaintiff has since dismissed the county for all other remaining claims rendering any analysis as moot. Therefore, the state is the only remaining party in interest and any allegations as to the county, in whole or in part, cannot be maintained.[2]

**II.   Immunity**

The Eleventh Amendment bars suit against a state or its agencies absent an express waiver or congressional preemption. Silver v. Baggiano, 804 F.2d 1211, 1213–14 (11th Cir. 1986). Under Georgia's Constitution, sovereign immunity can only be waived by an Act of the General Assembly that specifically waives such immunity and to the extent of which it may be waived. Ga. Const. Art. I, Sec. II, Par. IX (e). Our courts recognize two distinct categories of immunity, forum immunity and immunity from liability. See Stroud v. McIntosh, 722 F.3d 1294, 1300-01 (11th Cir. 2013). "The [Eleventh Amendment] bar is present 'even when a state is not named as a party of record, if for all practical purposes the action is against the state.'" Brewer v.

---

[1] Plaintiff has not cast the Complaint as one against The State of Georgia, notwithstanding the moniker of official capacity, but she had specifically designated Chatham County as a named defendant. This lends credence to the argument that Plaintiff recognized the distinction between the governmental bodies of the county and state pertaining to official capacity allegations but nonetheless consented to the county's dismissal.

[2] Defendants also clarify that the scope of present representation encompasses only that of Jones personally, and the state through Jones in her official capacity. Defendants question whether an "official capacity" designation can simultaneously occupy two distinct governmental bodies, and thus two very distinct defendants. In Defendants' estimation, the question should not be who is responsible for paying the judgment, but rather who the judgment may be entered against as a party to the suit, especially considering the county's dismissal.

Purvis, 816 F. Supp. 1560, 1569 (M.D. Ga. 1993), aff'd without opinion 44 F.3d 1008 (11th Cir. 1995), cert. denied 514 U.S. 1111 (1995).

Here, this action was initially filed in the Superior Court of Chatham County and then subsequently removed to this Court. Accordingly, the state has waived their forum immunity under the Eleventh Amendment but retains any immunity pertaining to liability. Stroud, 722 F.3d at 1303. Additionally, as the Court has noted and as demonstrated above, the official capacity designation is merely a moniker for the State of Georgia, and thus, an immunity analysis is warranted.

### a. The state is not immune from Title VII claims.

The Eleventh Amendment does not bar Title VII claims against the state because Congress has abrogated immunity for such claims. Fitzpatrick v. Bitzer, 427 U.S. 445 (1976); Jackson v. Astrue, 3:08-CV-461-J-34TEM, 2009 WL 3756321, at *7 (M.D. Fla. Nov. 6, 2009). Therefore, the state is not immune from these official capacity claims.

### b. The state is immune from 42 U.S.C. § 1983 claims.

The State of Georgia has not waived or consented to be sued under 42. U.S.C. § 1983. Likewise, Congress has not abrogated state's immunity. Thompson v. Albany Area Cmty. Serv. Bd., 620 F. Supp. 3d 1347, 1355 (M.D. Ga. 2022) ("Georgia has not waived its sovereign immunity in cases arising under § 1983, and Congress has not abrogated it"). Therefore, the Eleventh Amendment bars these claims against the state.

### c. The state is immune from ADA claims.

This circuit has followed the principle that ADA claims do not abrogate a state's sovereign immunity. Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001); Battle v. Georgia Dept. of Corrections, 2021 WL 3824804 (M.D. Ga. 2021) (collecting cases).

However, through the enactment of the Fair Employment Practices Act O.C.G.A. § 45-19-20 *et seq.*, Georgia courts have consistently held these statutes constitute a wavier as to ADA claims brought in state courts. <u>Williamson v. Dep't of Hum. Res.</u>, 572 S.E.2d 678 (Ga. Ct. App. 2002). Nonetheless, the Court of Appeals of Georgia recently reversed course, overruling <u>Williamson</u>.

In <u>Augusta Judicial Circuit Office of Pub. Def. v. Hodge-Peets</u>, a state employee asserted an ADA retaliation claim against the Augusta Judicial Circuit Office of the Public Defender. <u>Augusta Judicial Circuit Office of Pub. Def. v. Hodge-Peets</u>, 370 Ga. App. 819, 819 (2024), <u>cert. denied</u> (Aug. 13, 2024). There, the court found, among other findings, that the FEPA contained no explicit waiver of sovereign immunity as to ADA claims. <u>Id.</u> at 368-70. Thus, in the absence of a waiver, the state has not waived their immunity and any claim under the ADA shall not be sustained. Accordingly, the state is immune from these counts.

### d.  **The state is not immune from the whistleblower claims.**

The Supreme Court of Georgia has recognized that claims perused against the state arising out of the Georgia Whistleblower Protection Act O.C.G.A. § 45-1-4 are not subject to sovereign immunity. <u>Colon v. Fulton County</u>, 294 Ga. 93, 95-96 (2013). Thus, with this being a matter that has been removed to federal court, Eleventh Amendment immunity is not triggered under <u>Stroud</u>. Accordingly, this claim is ripe for adjudication.

Respectfully submitted this 30th day of December, 2024.

_____
Mark A. Tate
State Bar No. 698820
Andrew A. Zemany
State Bar No. 459060
marktate@tatelawgroup.com
azemany@tatelawgroup.com

TATE LAW GROUP, LLC
25 Bull Street, 2nd Floor
P.O. Box 9060
Savannah, Georgia 31401
(912)234-3030
(912)234-9700 (fax)
tlgservice@tatelawgroup.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case with a copy of the foregoing **DEFENDANTS' SUPPLEMENTAL BRIEF** in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing and via email to the following.

Anita K. Balasubramanian<br>
Buckley Bala Wilson Mew LLP<br>
600 Peachtree Street NE, Suite 3900<br>
Atlanta, Georgia 30308<br>
abala@bbwmlaw.com

J. Kyle Brooks<br>
Buckley Bala Wilson Mew LLP<br>
600 Peachtree Street NE, Suite 3900<br>
Atlanta, Georgia 30308<br>
kbrooks@bbwmlaw.com

This 30th day of December, 2024.

_____
Mark A. Tate
State Bar No. 698820
Andrew A. Zemany
State Bar No. 459060
marktate@tatelawgroup.com
azemany@tatelawgroup.com

TATE LAW GROUP, LLC
25 Bull Street, 2nd Floor
P.O. Box 9060
Savannah, Georgia 31401
(912)234-3030
(912)234-9700 (fax)
tlgservice@tatelawgroup.com