UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SKYE MUSSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV422-124 |
| | ) |
| SHALENA COOK JONES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is non-party Chatham County, Georgia's ("County") Motion to Quash Plaintiff's subpoena duces tecum issued upon it, or, in the alternative, a protective order "curtailing the scope of Plaintiff's request." Docs. 173 at 1.[1] The subpoena required compliance no later than October 22, 2025 at 12:00 p.m. Doc. 175-5. The County filed its Motion after the deadline to comply had passed on the afternoon of October 22. Doc. 175 at 4-5.

The County's Motion to Quash was filed too late. Rule 45 allows a court to quash a subpoena "[o]n timely motion." Fed. R. Civ. P.

---

[1] The County filed the same motion twice. *See* docs. 173 & 174. Because the second Motion is duplicative of the first, which is resolved herein, the Clerk is **DIRECTED** to terminate the second Motion as **MOOT**. Doc. 174.

45(d)(3)(A). "Courts generally interpret 'timely' to mean within the time set in the subpoena for compliance." *Dyer v. Coloplast Corp.*, ___ F. Supp. 3d ___, 2025 WL 2908835, at *4 (M.D. Fla. Oct. 9, 2025); *cf. Andrews v. CSX Transportation, Inc.*, 2009 WL 10670852, at *1 (M.D. Fla. Jan. 7, 2009) (noting that a motion for protective order is typically untimely if it is made after the deadline to produce the discovery at issue). Because the County failed to file its Motion prior to the compliance deadline, it is **DENIED** as untimely. Doc. 173.

    **SO ORDERED**, this 1st day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA